[a] 2 Vernon 705. 1 Atk. 64. 3 Id. 494. 2 Term R. 781. 4 Id. 145, 6 Id. 607. 1 Ld. Ray. 245, 42. 1 John. Ch. R. 60 12 John. R. 311. 1 Ves. 11-12. 3 Id 282. 9 Id. 364. 3 Atk. 530. 2 Id. 112 2 Ves 566. 3 Bl. Comm, 631. 1 Mad. Chy. 20-66.

---

ROBERTSON & BARNEWELL v. KENNEDY & KITCHENS.

1s 245
192 514

A deed of conveyance for land, though not recorded or attested by a subscribing witness, may on proof aliunde be read in evidence.

IN Mobile Circuit Court, on a trial on the general issue in trespass to recover possession of a lot of ground, Robertson and Barnewell, plaintiffs, against Kennedy and Kitchens, defendants, the plaintiffs offered to read in evidence a deed of conveyance for the lot from Addin Lewis, mayor of the city of Mobile, to them.

The deed recites that, pursuant to the act of Assembly of December, 1819, " to incorporate the city of Mobile," [a] the mayor and aldermen, on the 8th day of March, 1820, laid a tax on the real and personal estate within the city; that this tax due on this lot not being paid, it was duly advertised, &c. as required by the statute, and offered at public sale, and bought by the plaintiffs: they bidding the highest sum. The deed was subscribed by Lewis as mayor, with the seal of the corporation annexed, but not attested by a subscribing witness.

On the same paper with the deed, was the certificate of Edward Hall, " one of the justices of the quorum for Mobile county, dated 30th April, 1821, that on that day,

[a] Laws Ala. 784, 789.

JULY 1827.

Robertson and
Barnewell
v.
Kennedy and
Kitchens.

Addin Lewis, Esq. mayor of the city of Mobile, per-- sonally appeared before him, and acknowledged that he signed, sealed and delivered the deed, on the day therein mentioned.

The deed did not appear to have been recorded.

The defendants objected to its being admitted in evi- dence, the Court sustained the objection. The plaintiffs excepted, and assigned this matter here as error.

ACRE, for plaintiffs.

The deed was from the mayor, on behalf of the cor- poration, and by authority of a statute, making him their *a* 2 Bac. Abr. 13. organ for this purpose. It was then the deed of the cor- 9 East 360. 1 poration, and it was under their common seal. The seal Phil. Ev. 418. proves itself. [a]

*b* Norris' Peake Ev. 431. 1 Ray. 193.

Neither at common law nor by statute, are subscribing witnesses necessary to a deed of conveyance. [b] Let the counsel for the defendants point to a statute, which makes subscribing witnesses necessary to the validity of the deed.

But it had been acknowledged by the mayor, before Mr Justice Hall. True, in his certificate, he styles himself "justice of the quorum," instead of justice of the County Court. But as to powers and duties, at least as to taking the acknowledgement or probate of deeds, these offices were the same.

The justices of the quorum held the County Courts, and took the probate of deeds. By the act of 1819, these and other powers were vested in the justices of the *c* Laws Ala. 186, County Courts, established by that act. [c] At the time 188. when Mr Hall's certificate was given, we had no officers styled justices of the quorum. It is fairly to be inferred that he was then a justice of the County Court, and that by a verbal mistake in the certificate of acknowledge- ment, he was styled justice of the quorum. Such certi- ficate from the proper officer, entitles a deed to be re- *d* Laws Ala. 234. ceived in evidence in any of our Courts. [d] But if the cer- tificate was not sufficient, we might have proved the seal- ing and delivery by witnesses, although they had not subscribed their names to the deed. The decision of the Circuit Court denied us the opportunity of doing this.

BARTON, for defendants.

By the ordinance for the government of the territory north west of the river Ohio, which, except the last ar- ticle, was made the law for us, while under the territo-

rial government, real estate is to be conveyed by deed of lease and release, or bargain and sale, attested by two witnesses. [a] By the schedule to our constitution all laws then in force, are continued in force until repealed. This law has not been repealed. To require two witnesses to a deed for land, is not a merely formal and useless rule. It must be evident to every legislative body, that great caution is necessary in prescribing the means for divesting one man of real estate and vesting it in another. An impostor may acknowledge the deed in the name of the owner, or the hand writing of the owner may be counterfeited so as to deceive those most familiar with it, particularly after his death and the lapse of years. Subscribing witnesses specially called to attest an important transaction, afford a ready means of ascertaining the identity of the bargainor. [b]

But Mr Acre contends that this is the deed of this corporation under their common seal, and therefore evidence *per se.* Has the seal of the corporation of Mobile acquired such notoriety as to be known to all the judicial officers of the State on mere inspection ? There are perhaps more than fifty corporations in this State, having power to adopt a common seal, and break and alter it at pleasure. Who is there who is acquainted with each of all these seals? [c] But is it the deed of the corporation? The statute referred to by Mr Acre, constitutes the *mayor,* not the mayor and aldermen, the organ by whom the deed is to be executed for real estate sold for the corporation taxes. Lands are sometimes sold by the tax collector, the sheriff or the coroner, by authority of the law, and they are required to make deeds to purchasers. In such cases, did the levy and sale vest any title to the land, in the State, the county or the creditor, for whose benefit the sale was made? In this case, was the corporation of Mobile, to whom the taxes were due, vested with title to the lot, during the course of the proceedings? But take it as the deed of the corporation, or deed of the mayor, I contend that the attestation of witnesses was necessary, and there can be doubt but legal proof of sealing and delivery was.

Does Mr Hall's certificate afford such proof? He states that on the 30th April, 1821, he received and certified the acknowledgement as a justice of the quorum. Justices of the quorum, then, had no powers in this State;

JULY 1827.

Robertson and Barnewell.
v.
Kennedy and Kitchens.

[a] Turners Digest 29, 41.

[b] 1 Starkie's Ev. 2 pt. 330, &c.

[c] 1 Starkie's Ev. 300. 8 Term R. 303. 10 John. 387.

JULY 1827.

Robertson and
Barnewell
v.
Kennedy and
Kitchens.

a Minor's Ala, R.
403.

the office was extinct. Is it to be presumed, against the re-cord, against Mr Hall's own certificate, that he was a jus-tice of the County Court and that he certified in that char-acter? In the case of Rhodes against Sneed, [a] this Court decid,,d, that all the powers of justices of the quorum were not vested in the justices of the County Court. The terms then are not convertible.

HITCHCOCK in reply.

If the deed be good, though not attested by subscrib-ing witnesses, the bill of exceptions shews that it was ex-cluded by the decision of the Court, before we could ad-vance so far in the case as to call witnesses to prove it.

By the ordinance of 1787, real estate *may be conveyed* by lease and release, bargain and sale, &c. attested by two witnesses. So far as the words in the ordinance can be viewed, as restraining the power to convey land, the restriction is not to be extended by construction. The ordinance enacts that real estate may be conveyed in this manner, provided the conveyance be recorded within one year after proper magistrate's courts and registers shall be appointed, &c. It cannot, even with plausibility, be contended that recording the deed is now necessary as between bargainor and bargainee, whatever may be the effect of the omission, as to subsequent purchasers with-out notice. This provision of the ordinance was, by its terms, to continue in force only ' until the Governor and Judges shall adopt laws." The statute of 1803 [b] was the law adopted, and superseded these rules of the ordinance. This statute enacts that a deed *acknowledged* and certified as therein directed, *shall be received in evidence.* Mr Acre has, I think, sufficiently shewn that at common law subscribing witnesses were not essential to a deed; and it seems to me that it would be very useless legislation, to require subscribing witnesses to a deed formally ac-knowledged before the proper tribunal. Yet Mr Barton's argument appears to go to shew in the teeth of the statute, that such acknowledgement and certificate of it avails nothing, unless the names of witnesses appear on the deed As to the supposed policy of requiring subscrib-ing witnesses, it is obvious that it would be at least as easy for an impostor to pass for the true man with them, as before the Court, Judge or Magistrate.

But in making the deed, the mayor acted on behalf of the corporation of which he was the head. If he had

b Laws Ala. 234.

JULY 1827.

Robertson and
Barnewell
v.
Kennedy and
Kitchens.

ceased to be mayor, his successor in the office must have made the deed. If the corporation had owned and made a private sale of any real estate, would not the deed for it, by their order, have been made by the mayor under their common seal as this was? But the authorities cited by Mr Acre shew that the seal proves itself. The principle must, I think, be familiar to every lawyer. The very object of a common seal is, that from its notoriety, it may evince and authenticate the acts of the corporate body which has adopted it. Nothing against this is to be inferred from the number of corporations in the State. The creation of all of them is to be found in our statute books. They are all of notoriety. The mayor and aldermen of Mobile are a judicial body; if they can break and alter their seal at pleasure, so may the great seal of the State be changed. The seals of the many Courts in the twenty-four States may be changed; and will it be said that when a document, under the seal of the State, or a transcript of a Court from the Court of another State is offered in evidence, the seal must be proved by evidence aliunde, before it can be read? A patent from the United States, or from the State for land, is a deed of conveyance. Is neither of these good without two subscribing witnesses, and can neither be read in evidence until the seal is proved? The mayor acted in his public and not his individual character. It was not his signature, but the seal of the corporation, shewing that the sale and conveyance were by their authority, which gave validity to the deed.

But if Mr Hall, when taking and certifying the acknowledgement, was a justice of the County Court, the statute in so many words enacts, that the deed shall be received in evidence. This certificate shews that in the county of Mobile, he took upon himself to receive and certify the acknowledgement; he annexes to his signature the initial letters denoting a justice of the County Court. If the public officers of the State are, in their official acts known to our Courts, it would seem that from this certificate, he should have been known at least to the Circuit Court of the same county, as a justice of the County Court; and that the words *justice of the quorum*, (an office not then existing here,) should have been considered as mere surplusage.

32

JULY 1827.

Robertson and
Barnewell
v.
Kennedy and
Kitchens.

JUDGE CRENSHAW delivered the opinion of the Court.

The ordinance of 1787, as extended to this country, prescribed certain fundamental principles for our temporary government as a territory of the United States. It is not a part of our permanent municipal law. It was superseded by the adoption of our State Constitution. By the common law, subscribing witnesses are not essential to the validity of a deed. The sealing and delivery may be proved by other testimony. The ordinance prescribed certain modes by which real estate might be conveyed, but did not declare void other modes of conveyance which were valid at common law. If the ordinance were yet in force, it would not avoid the deed in question. Our statute of 1803, does not vary the doctrine of the common law, but prescribes the mode in which a deed shall be acknowledged or proved and admitted to record; and enacts that when thus acknowledged or proved, and duly certified or recorded, it shall be received in evidence. But if not so acknowledged, proved or recorded, it may still be received in evidence, on proof of its sealing and delivery as required by the common law. We are inclined to think that the officer who received and certified the acknowledgement, being called a justice of the quorum, does not avoid his act or diminish his authority as a justice of the County Court, and that on his certificate as set out, the deed should have been received in evidence. But whether it be viewed as the deed of the mayor or of the corporation, subscribing witnesses were not necessary. It was competent for the plaintiffs to prove the sealing and delivery by evidence *aliunde*. But this it seems they were not permitted to do, and the deed was rejected for the want of subscribing witnesses, It is the unanimous opinion of the Court, that the judgement be reversed and the cause be remanded.

The CHIEF JUSTICE not sitting.