# Brassell v. Williams.

### Action for Breach of Special Contract.

1. *Sufficiency of complaint in averment of damages.* — In an action for the breach of a special contract, from which injury may have resulted to the plaintiff, it is not necessary that the complaint should contain special averments showing how the injury resulted.

2. *Acceptance of property or note on third person, in payment of debt.* — An agreement to accept less than the amount of a debt, in satisfaction of it, is without consideration; but an agreement to accept specific property, or a note on a third person, is a valid consideration, irrespective of its value, and its acceptance is an extinguishment of the debt.

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. JAMES Q. SMITH.

This action was brought by Albert B. Brassell, against Robert S. Williams. The complaint contained the common counts, and a special count in these words: "Plaintiff claims of defendant five thousand dollars, for the breach of an agreement entered into by him heretofore, to wit, on the 1st day of March, 1871, in substance as follows: Plaintiff agreed to assign to defendant a note on George Judkins, bearing date the 1st August, 1870, for the sum of $251, due October 1st, 1870, which, with interest thereon, amounted to $267.78, and which defendant agreed to accept as so much cash, and to give plaintiff a credit therefor on a note held against plaintiff by said defendant as executor of James H. Judkins, deceased, payable to said Judkins on the 1st October, 1870, for the sum of $1,600, and on which a suit was then pending against plaintiff in the circuit court of Montgomery. Plaintiff agreed, also, to assign to defendant a note for $3,250, made by M. H. Molton and J. C. Henley on the 25th October, 1870, and payable to plaintiff on the 1st January, 1872; which note defendant agreed to collect, and to apply so much of the proceeds thereof as might be necessary in satisfaction of the balance due on said note against plaintiff so held by defendant as aforesaid, after allowing said credit of the George Judkins note, to wit, the sum of $267 as aforesaid; and defendant further agreed, in consideration of the assignment of said notes to him as aforesaid, to dismiss the said suit pending against plaintiff in said city court; and defendant further agreed, for the same consideration, to credit plaintiff's indebtedness to said defendant's testator, not embraced in said suit in said city court, and amounting to the further sum of $1,600, and due and payable on the 1st . October, 1871, with the value of all improvements made by plaintiff, during the years 1869 and 1870, on a certain plantation of *plaintiff's* (?) testator, known as the 'Judkins Ferry place,' and also with the value of a certain gin, gin-band, and

[Brassell *v.* Williams.]

other running gear of said gin, then on said plantation, and the value to be ascertained by referees, one selected by plaintiff, and one by defendant ; and defendant further agreed that, upon the collection by him of said note on Molton and Henley, and after applying so much of the proceeds thereof as might be necessary to the discharge of the balance due on said note payable to said James H. Judkins, less the said credit of $267, he would apply so much of the remaining proceeds thereof as might be necessary to discharge the other and remaining indebtedness to said defendant's testator, to wit, the said sum of $1,600 due 1st October, 1871, less a credit for the value of said improvements and said gin, gin-band, and other running gear of said gin, as aforesaid ; and defendant further agreed to pay the residue of the proceeds of said note of Molton and Henley to plaintiff.   And plaintiff avers, that said note on Molton and Henley, assigned by plaintiff to defendant as aforesaid, was given for the rent of land, and was secured by a landlord's lien, and might have been collected on its maturity by due diligence ; and that the improvements made by him on said Judkins's plantation in 1869 and 1870 consisted of a gin-house, a cotton-screw, and fourteen negro cabins ; and that the value of the same was $800 ; and that the value of the said gin, gin-band, and other running gear of said gin, was $200.   And plaintiff further avers, that he complied with all the provisions of said agreement on his part at the time it was concluded, and at the same appointed a referee to ascertain the value of said improvements, &c., and so informed said defendant, and that the referee was ready and willing to act.   Nevertheless, the said defendant, not regarding his said agreement, and though often requested, has neglected and refused to credit said note held by him against plaintiff as aforesaid with the said sum of $267.78, as agreed on ; and has neglected and refused to dismiss said suit pending against plaintiff in said city court ; and has neglected and refused to collect said note on said Molton and Henley, so assigned to him by said plaintiff ; and has neglected and refused to appoint a referee to ascertain the value of said improvements, and of said gin, gin-band, and running gear of said gin ; and has neglected and refused to credit plaintiff with the value thereof, and still doth neglect and refuse."

The defendant demurred, " in short by consent, separately and severally, to the several assignments of breaches in plaintiff's complaint," and assigned the following as causes of demurrer : " 1. To the first assignment, that there is no averment showing that the debt evidenced by the note of George Judkins therein referred to, or any part thereof, has been lost to plaintiff by any act of defendant ; and that no fact is

[Brassell *v*. Williams.]

averred, from which it appears that any damage has resulted to plaintiff by defendant's failure to credit the said note of George Judkins on said plaintiff's note due October 1st, 1870. 2. To the second assignment, that the neglect and refusal to dismiss the suit therein referred to is no ground for damages, because no consideration for the promise to dismiss is shown by the complaint, and such promise was *nudum pactum*. 3. To the third assignment, that the neglect and refusal to collect the said note on Molton and Henley is no ground for damages, unless the debt evidenced by said note, or some part thereof, has been lost to plaintiff by such neglect and refusal, and there is no averment of any such loss in the complaint; and that there is no fact averred in the complaint, from which it appears that any loss or damage has accrued to plaintiff by the neglect or refusal to collect the said note on Molton and Henley. 4. To the fourth assignment, that the agreement to appoint a referee is not averred to have been in writing, and, unless it was in writing, the neglect and refusal to appoint such referee is no cause of action ; and that no loss of plaintiff's demand for the improvements, &c., nor any part thereof, is shown to have accrued by reason of defendant's failure to appoint such referee."

The court sustained the demurrer, and this ruling is the only matter now assigned as error.

ARRINGTON & GRAHAM, for appellant. — 1. Whenever there is a breach of a valid contract, the plaintiff is entitled to recover some damages. 1 Chitty's Pleadings, 338 ; *Bagby* v. *Harris*, 9 Ala. 173 ; Broom's Com. Law, 349 ; *Warnock* v. *Smith*, 14 Ala. 157.

2. The contract is supported by a sufficient consideration. *Pearson* v. *Thomason*, 15 Ala. 700 ; *Coggs* v. *Bernard*, 2 Lord Raymond, 909 ; *Wilkinson* v. *Coverdale*, 1 Esp. 74 ; *Dowman* v. *Jenkins*, 2 Ad. & El. 256 ; *Railroad Co.* v. *Hopkins*, 41 Ala. 500 ; 1 Parsons on Contracts, 5th ed. 447, note ; *Hammond* v. *Hussey*, in American Law Register, February, 1873.

3. If any one breach is well assigned, there must be a reversal. *Wilson* v. *Cantrell*, 19 Ala. 646.

E. J. FITZPATRICK, with R. M. WILLIAMSON, *contra*. — On the facts alleged in the special count, the law raises no presumption whatever except payment of the debts due from the plaintiff to the defendant. In an action on those debts, these facts would be good under the plea of payment. No injury or damage can result, even nominally, from the payment of a just debt. The acceptance of the notes and property, as alleged, simply extinguished the plaintiff's debt. This debt being ex-

tinguished, plaintiff could have no interest whatever in the assigned notes, except as to any surplus when collected; and there is no averment of any surplus or collection. There was no consideration for the promise to dismiss the suit. No loss or injury accrued to the plaintiff, and no benefit to the defendant except the payment of an admitted debt. 6 Ala. 480; 8 Ala. 948; 9 Ala. 847; 13 Ala. 232; 15 Ala. 700; *McGehee v. Slater*, at the last term, now reported in 50 Ala. 431.

B. F. SAFFOLD, J. — The appellant sued the appellee in assumpsit, for breach of a contract, which is set out in his complaint, in legal effect as follows: The defendant, as executor of James H. Judkins, held two notes on the plaintiff, for $1,600 each, one of which was in suit, and the other was not due. He agreed with the plaintiff to take from him as cash a note, past due, on George Judkins, for about $251, and another note on M. H. Molton and J. C. Henley, for $3,250, not due, which he promised to collect, together with a claim for improvements made by the said plaintiff on the plantation of the defendant's testator, and a gin, gin-band, and other gear belonging to the gin, the value of which was to be determined by referees appointed by the parties. The notes and the claim were to be applied in satisfaction of the defendant's demand, and his suit was to be dismissed. Any balance of the proceeds of the note of Molton and Henley was to be returned to the plaintiff. Performance of the agreement on the part of the plaintiff is alleged; and the breach assigned is, that the defendant refused to comply in any respect.

1. A breach of a valid contract imports some damage. Such damages as may be presumed necessarily to result from the breach need not be stated with any great particularity in the complaint. 1 Chit. Plead. 338; *Barrusco v. Madden*, 2 Johns. 149; *Bagby v. Harris*, 9 Ala. 173. The appellant could not set up his mere agreement, as a defence to the suit of the appellee, as executor. He would have to show that his assigned notes had been collected. His claim for improvements, &c., if due from the executor instead of his testator, would not be available, either by way of set-off or recoupment. *McGehee v. Slater*, January term, 1874. Although he meant only to pay the debts which he acknowledged, the promises of the appellee, together with his acceptance of the notes, may have caused injury to him. This injury or damage may be such as necessarily resulted from the neglect or refusal of the appellee to perform what he had undertaken.

2. A mere agreement to accept less than the real debt is *nudum pactum*. But the acceptance of property in satisfaction of a preëxisting debt, irrespective of its value, will have

the effect to extinguish it. The notes of a third person accepted would be a good consideration. *Pearson & Fant* v. *Thomason*, 15 Ala. 700 ; *Goodnow* v. *Smith*, 18 Pick. 314.

The executor must do his duty to the estate he represents ; but this duty will not protect him personally against any injury he may have inflicted on the appellant by his breach of agreement. The demurrer to the special count ought to have been overruled.

The judgment is reversed, and the cause remanded.