[Arrington v. Arrington.]

# Arrington *v.* Arrington.

*Statutory Action of Ejectment.*

1. *Deed; attestation thereof.*—Where the names of two persons are written in the place in a deed where the names of subscribing witnesses are usually found upon such instruments, but the word "attest," "witness" or some similar word, does not appear in conjunction with the names, still if from an examination of the instrument, it is apparent that the only purpose for which the names were written was to attest the signature of the grantor to the deed, there is a sufficient attestation; and the failure to employ some word or words to indicate the purpose for which the names were written will not invalidate the instrument.

2. *Same; sufficiency of delivery.*—Where the grantor in a deed of gift to lands to minor children, hands the deed in a sealed envelope to the mother of the children with the statement, "Take these papers, and if I die before you do, look after them for the children; and if you die before I do, I will look after them," there is a completed and unconditional delivery of the deed, and the legal title to the lands passed *eo instanti* to the children named therein as grantees.

3. *Same; same; acceptance unnecessary.*—The fact that there was no acceptance of such deed by the grantees named therein, does not affect its validity; since when a deed is for the benefit of the grantee, and imposes upon him no burden, the presumption of delivery attaches, and can only be repelled by proof of actual dissent on the part of the grantee.

Vol. 122.

[Arrington v. Arrington.]

APPEAL from the Circuit Court of Barbour.

Tried before the Hon. A. T. BORDERS, Special Judge.

This was a statutory action of ejectment, brought by the appellants against the appellees. The defendants pleaded the general issue. The plaintiffs claim title to the land sued for under a deed executed by one E. M. King on January 1, 1879, conveying to the plaintiffs the lands sued for. The plaintiffs were shown to be the illegitimate children of said E. M. King. The execution and attestation of this deed, and the circumstances of its delivery to the mother of the plaintiffs are sufficiently stated in the opinion.

After proving the execution of said deed and the circumstances of its delivery, the plaintiffs offered said deed in evidence. To the introduction of the deed in evidence the defendants objected, on the ground that no delivery of said deed had been shown. The court sustained this objection and refused to allow said deed to be introduced in evidence. The plaintiff duly excepted to this ruling of the court and took a non-suit with bill of exceptions. From judgment in favor of the defendants, the plaintiffs appeal and assign as error the ruling of the court in refusing to allow the deed, under which the plaintiffs claim title, to be introduced in evidence.

A. H. MERRILL, for appellants.—There was a sufficient delivery of the deed under which the plaintiffs in this case claim.

The law will presume that where the grantee is an infant that he accepts a deed beneficial to him, and hence it is not essential to show his knowledge thereof. The grantees in this case were infants of tender years, the grantor was their father, and he had no other children and no wife. The natural presumption is that he intended by what he did and said to make this provision for their support, and that he intended by drawing up the deed, having it witnessed and delivering it to their mother to pass the title to the land to them. In fact his words to her at the time showed great solicitude on his part.—Devlin on Deeds, (2d ed.), § § 296, 308; *Gregory v. Walker*, 38 Ala. 26; *McClure v. Colclough*, 17 Ala. 96;

*Morris v. Varner,* 32 Ala. 499; *Elsberry v. Boykin,* 65 Ala. 336; *Simmons v. Simmons,* 78 Ala. 365.

The two subscribing witnesses to this deed signed their names in the place commonly used by witnesses to sign their names; but there is no attestation clause. An attestation clause is not required by the statutes and while it is usual to have such clause it is not necessary. The statute, Code of 1896, § 982, merely says: "The execution of such conveyance must be attested by one witness, or, where the party can not write, by two witnesses who are able to write, and must write their names as witnesses." The only thing definitely required is that they shall write their names as witnesses, no other person can do it for them. The purpose of writing their names upon the instrument is as a matter of evidence, so that the witness may identify the paper as the one which he signed as a witness by his signature thereto, and the names of the witnesses in this case being written where it is universally the custom in this State for witnesses to sign their names to deeds, and being such that if the witness were present he could identify the paper and then testify with reference to it, the signing as it is in this deed is sufficient.

G. L. COMER and G. W. BUSH, *contra.*—The deed was properly excluded from the evidence. The same was never proved to have been attested as required by law. Witnesses required to sign "as witnesses"—Code, § 982. The deed offered did not purport to have been witnessed and there was no evidence offered to show that the names at the left were witnesses.—See Black's Dictionary, *Attestation,* p. 104.

Said deed was never shown to have been delivered. The proof shows that the grantees were not put in possession of said deed, but it was held by Mrs. Arrington as the agent of King (the grantor), under instructions given by said King, and she knew not what the paper was, and there was no declaration as to what the sealed package contained.—*Leffler v. Lehman,* 57 Ala. 435; *Davis v. Williams,* 57 Miss. 843; *Porter v. Woodhouse,* 59 Conn. 568; *Colyer v. Hyden,* 94 Ky. 180; 1 Dev. on

Deeds, (2d ed.), § 279, and notes; § 282, and notes, p. 333.

TYSON, J.—This was a statutory action of ejectment for the recovery of certain lands which the plaintiffs claim title to under a deed of gift from their reputed father. The single question raised in the trial court was, whether the deed was delivered. It appears from the testimony that the plaintiffs at the date of the deed were infants of tender years, the eldest being about five years of age, residing with their mother; and the grantor, their reputed father, shortly after its date handed it to their mother, they having no legally appointed guardian, in a sealed envelope, saying to her: "Here, Fannie, take these papers and if I die before you do, look after them for the children; and if you die before I do, I will look after them." The mother preserved the package without opening it until 1897, and when she did so for the first time learned or knew of the contents and nature of the instrument or deed contained in it. King, the father, died in possession of the lands in 1881, about two years after the date of the deed.

The deed has the names of two persons written in the place where the names of subscribing witnesses are usually placed and found upon such instruments, but the word "attest" or "witness" does not appear above or in conjunction with these names. Nor are there any other words appearing upon the deed showing the purpose of their signatures. No point, however, was made upon this in the court below, and the plaintiffs without objection were permitted to prove the genuineness of the signature of the grantor and of the two signatures of these persons as though the attesting words or clause were there, and those names were treated as though the persons had subscribed them as witnesses to the deed. But had it been made as an objection to the deed it would have availed nothing. At common law attesting witnesses to a deed were not essential to its validity as a conveyance of lands, and prior to the adoption of the statutes requiring them to be attested or acknowledged this rule prevailed in this State.—*Hendon v. White*, 52

33

Ala. 597; *Robertson v. Kennedy*, 1 Stew. 245; *Dilling-ham v. Brown*, 38 Ala. 311; *Wiswall v. Ross & Earle*, 4 Port. 321. The usual clause to denote that the witnesses sign as such is, "signed, sealed and delivered in the presence of" the witnesses writing their names thereunder. And it would seem that if the parties chose to sign their names alone, and after delivery, they then call witnesses before whom they acknowledge the deed, that it is a good execution.—1 Devlin on Deeds, (2d ed.), § 258, and note 1 and 2. The manifest object of requiring an attestation by subscribing witnesses is to enable the grantee to prove the execution by the grantor of the deed and to show the circumstances attending the sealing and delivery. No formal words are requisite under the statute to be incorporated in the deed or upon it to show that the names subscribed are those of witnesses. Its language is: "The execution of such conveyance must be attested by one witness, or when the party cannot write, by two witnesses who are able to write and *must write their names as witnesses.*"—Code, 1896, § 982. True they *must write their names* as witnesses upon the deed, but we cannot hold, if from an examination of the instrument it clearly appears, as it does in this case, that the only purpose for which the names were written, was to attest the signature of the grantor to the deed, that they are not witnesses, simply because of the failure to employ some word or words indicating the purpose for which their names were written. That this construction of the statute is correct, see *Jones v. Hagler*, 95 Ala. 529; *Pierce v. Jackson*, 56 Ala. 600; *Sharpe v. Orme*, 61 Ala. 263; *Carlisle v. Carlisle*, 78 Ala. 544, and other cases of similar import, in which it was held that in cases of a defective acknowledgment, the officer's signature to the attempted acknowledgment operates as a substitute for the attestation of a witness. And in the case of *Jones v. Hagler* the court, in giving the reason for this rule, said: "A proper attestation may be made by the mere signature of the witness. It is sufficient that the signature appears to be made for the purpose of attesting the execution of the conveyance."

It is not controverted by appellant's counsel, and indeed it cannot be, that a delivery of the deed was essen-

tial to the validity of its execution, and that it was only
from its delivery it could take effect and become an irre-
vocable conveyance of the lands for the recovery of which
this suit was instituted.   If the delivery to the mother
of the package containing the deed, in connection with
the language used by the father of the plaintiffs, was an
efficacious one, the deed passed beyond the control of the
grantor and became irrevocable.   Delivery is often de-
pendent, for the determination of its existence as a fact,
upon words used by the grantor and his actions indica-
tive of his intention, either at the time of its signing by
him or subsequently while the deed is in his possession.
For a good delivery in law may be made by mere words
or by such words and actions as indicate an intention
that the deed shall be considered as executed, although
no actual delivery is ever made of it.—*McLure v. Col-
clough,* 17 Ala. 89.   As said by Chief Justice BRICKELL,
in the case of *Elsberry v. Boykin,* 65 Ala. 340, "Delivery
is an incident essential to the execution of a mortgage or
other conveyance of real estate.   Without it, there is no
mortgage; and generally, it is only from the delivery
that it takes effect and becomes an irrevocable convey-
ance and a valid, operative security.   No formality, no
particular words, no certain acts are essential to a valid
delivery of a deed. The fact rests in intention, and it is to
be collected from all the acts and declarations of the par-
ties, having relation to it.   It may be actual, by a trans-
fer of the conveyance, signed and attested or acknowl-
edged, from the manual possession of the mortgagor, to
the manual possession of the mortgagee, though not a
word is spoken; or it may be by saying something and
doing nothing; as, when the mortgage, signed and attest-
ed or acknowledged, is lying on a table, and the mortga-
gor should say, "there is your mortgage," or "there is
your deed," or "that paper is sufficient for you," or any
other words, clearly signifying the mortgagor's inten-
tion to part with dominion over it and pass it to the
mortgagee.   Whenever there is a clear manifestation of
the intention of the grantor in a deed, in all other re-
spects properly executed, to part with the possession
and dominion over it and to transfer it to the grantee,
the delivery is complete. *In traditionibus chartarum,*

*non quod dictum, sed quod factum est inspicitur.* The delivery may be to a third person, for the grantee, and he will hold in trust for him. In this case, the deed is operative from the delivery to the third person, though it does not come to the knowledge or possession of the grantee, until after the death of the grantor."

We have no doubt that it is of no consequence that such third person has no knowledge of the nature of the instrument, if the intention of the grantor was to execute it. It oftentimes happens that an actual delivery can only be made to a third person. The case under consideration is an example of this kind. Where the grantees are minors of tender years, incapable of understanding and appreciating the importance of preserving the paper itself upon which the words composing the deed are written, much less, being utterly unable to comprehend the benefit being conferred upon them by investing in them the title in valuable property, the deed must, of necessity, be delivered to some third person capable of preserving it as a muniment of title for them.

In the deed, King, the grantor, expressly recognized the plaintiffs as his children, speaking of them as his sons and daughter, and delivered it to their natural guardian and protector, enjoining upon her the watchful care of it so long as she lived, at the same time impliedly saying he would do so also, and in case he should outlive her he expressly said he would see to its preservation. There was nothing in his language which can be fairly construed that it was his intention that the delivery was a conditional one. He surrendered to her the entire custody of the package, and there was nothing in his declaration to her that indicated that in the event her death was before his, and the responsibility of the preservation of the package should then devolve upon him, that it should then be regarded as inoperative as a conveyance to the children. On the contrary, he declared his express intention of taking care of it. Nor can it be contrued that Mrs. Arrington was King's agent to deliver the package to the children, or his agent for the preservation of it for him. It may be true that he expected, and doubtless he did expect, her to deliver it to them after

they arrived at the age of discretion, and when they became capable of understanding the value of the gift to them. But this did not constitute her his agent merely for its delivery, whose authority he could revoke at pleasure. If the delivery was unconditional, and the jury might have so found, the legal title to the lands eo instanti vested in the plaintiffs, and his power to recall his act was absolutely wanting. And had he afterwards gotten possession of the deed and destroyed it, this would not have affected the plaintiff's title. It might have, under the circumstances, rendered it impossible for them to have established the fact of investiture of title in them by the deed for want of evidence of its existence and delivery.

The only remaining contention of appellee against the validity of the deed is based upon the proposition that there was no acceptance by the grantees of the provisions of the deed. We are aware that when a conveyance of lands is made to an adult without his knowledge and assent and delivered to a stranger, that the decisions of the courts are not in harmony as to whether the title passes at once as an effectual delivery.—3 Washburn on Real Prop. 291, 292; 1 Devlin on Deeds, § 287. Whatever may be the law as declared by the courts of other States, the rule in this State is: "When a deed is for the benefit of the grantee, imposing on him no burdens or duties, the presumption of delivery attaches, which can be repelled only by the evidence of the actual dissent of the grantee."—Elsberry v. Boykin, 65 Ala. 340, supra; Mallory v. Stodder, 6 Ala. 801. If this presumption obtains in favor of adults, the reason for its application in the present case, where the beneficiaries are unfortunate illegitimate infants, incapable of assenting to or accepting the benefits conferred upon them by the generous and manly act of their reputed father in his recognition of them and providing for them, are certainly more cogent and forceful.—1 Devlin on Deeds, § 286, and authorities cited in notes 1 and 2. The court should have admitted the deed in evidence.—Gregory v. Walker, 38 Ala. 26.

For this error the judgment is reversed, and the cause remanded.