# Strickland, *et al. v.* Griswold, *et al.*

## *Ejectment.*

1. *Deeds; Delivery to Take Effffect on Grantor's Death.*—Irrespective of the place where the deed was kept, the title to the land passed at the time of delivery, where the grantor gave the deed to one of the grantee's therein with instructions to keep it in a certain box, and deliver it to the proper parties at his death.

2. *Same; Jury Question.*—When the grantees in a certain deed claimed under a deed alleged to have been delivered to one of them by the grantor to be delivered to the proper parties, the question of delivery was a question for the jury to determine. (Haralson and Simpson J.J., dissent.)

APPEAL from Bullock Circuit Court.

Heard before Hon. A. A. EVANS.

Action by S. P. Griswold, and others against Susan M. Strickland and others in the nature of ejectment. The facts sufficiently appear in the opinion of the court. There was judgment for plaintiff and defendant appeals. Reversed and remanded.

R. L. HARMON and D. S. BETHUNE, for appellant.— The legal effect of the transaction between the father and the daughters was to invest the daughters not only with the legal title to the land but with immediate right of possession.—*Williams v. Higgins,* 69 Ala. 522; *Hargrave v. Membourne,* 86 Ala. 273. If it was the purpose of the grantor to reserve the right to use the land as a means of support during his life this did not prevent

the passing of a legal title or affect the validity of the delivery of the deed.—Authorities supra; American & Eng. Ency. of Law (2d Ed.), Vol. 9, page 157; *Foster v. Mansfield,* 3rd Metcalf (Mass.) 412, s. c. 37 Am. Dec. 154; *Wheelwright v. Wheelwright,* 2 Mass. 454; *Hatch v. Hatch,* 9 Mass. 310; 6 Am. Dec. 67; *Prewitt v. Ashford,* 90 Ala. 301; Vol. 11 Am. and Eng. Ency. of Law (2nd Ed.), 346, 347 and notes 4 and 5 on page 346 and notes 1, 2 and 3, page 347; *Davis v. Clark,* 58 Kan. 100; *Arrington v. Arrington,* 122 Ala. page 516; *Bury v. Young,* 98 Cal. 446, s. c. 35 Am. State Reports 186, on page 187, et seq.; *Stephens v. Rhinehart,* 72 Penn. State 434; *Hathaway v. Payne,* 34 N. Y. 92; *Stone v. Duvall,* 77 Ill. 475.

J. D. NORMAN, for appellees.—To pass title it must have been a deed and it must have been executed and delivered by Griswold prior to his death. The intention of the maker is the ultimate object of inquiry determining the character of the paper.—*Croker v. Smith,* 94 Ala. 297. It was competent in determining this matter to ascertain instructions given the draughtsman.— *Sharpe v. Hall,* 86 Ala. 114. The circumstances attending the execution and delivery of the paper all indicate a testamentary intention.—Authorities supra. Delivery is an essential part of the deed.—*Fitzpatrick v. Brigman,* 130 Ala. 454. As long as it remains under the control of the grantor it cannot be said to have been delivered.— 9 A. & E. Ency. of Law, (2nd Ed.) p. 155-6. The delivery must be made during the lifetime of the grantor.— *Richardson v. Woodstock Iron Co.* It may be shown that the deed was handed to the grantor for a particular purpose. —*Cherry, et al. v. Herring,* 83 Ala. 462.

SIMPSON, J.—This was a suit by the appellees (plaintiffs), in the nature of an action of ejectment, to recover an undivided interest in certain lands formerly belonging to J. J. Griswold, the ancestor of both plaintiffs and defendants. The plaintiffs claimed as heirs at law of said J. J. Griswold, and the defendants claimed under the paper set out in the record, being Exhibit A to the deposition of George S .Rotten.

The undisputed evidence is that said J. J. Griswold signed this paper in the presence of the attesting witness, and at that time delivered it to his daughter, Amanda, one of the grantees named in the paper, telling her to put it away, to be delivered to the proper parties at the time of his death, and she put it in a tin box and kept it until she was married. At the time he gave it to her he designated a tin box in which he kept his valuable papers, and said "he wanted it placed there." In 1896, after Amanda Griswold had married and gone to Texas, J. J Griswold took this deed out of the tin box and delivered it to Susan Griswold, the other grantee, telling· her that it was to be given to the proper parties at his death. She put the deed in the box, in which were kept valuable papers of J. J. Griswold. Said Susan Griswold testified that said deed was in her possession from that time until after the commencement of this suit when she handed it to her attorney; that her said father died in 1900; that she lived with him, kept house for him, waited on him, and looked after his papers till his death; that "the deed in question was kept in her father's house, in a trunk, in the tin box, until after her father's death, except at such times as she and her father went away from home on a visit, or something of the kind; that at such times as they went away from home they took the tin box with them;" also that she collected the rents of the land in question during the years 1899 and 1900, and gave her sister, Amanda, half of the money, and kept the remainder herself, and has so continued up to this time. Mrs. Turnipseed testified that, in December, 1896, she saw J. J. Griswold open a tin box, and take some papers from it, and hand them to Susan Griswold, telling her that they were deeds; that one was a deed conveying some land to her sister Emma (which is shown to be the name by which Amanda Griswold was called) ; and that the other was a deed to her brothers, Kinchen, Ben, and Charlie. "He told her to keep the deeds and take care of them, and at his death to deliver them to the proper parties." She also testified that afterwards J. J. Griswold pointed out the lands to her as the lands he had given to his daughters, Susan and Emma. G. D. Griswold, a brother of Susan, testified that

he rented the lands in question from his father, and held them under the lease till after his death; that he paid the rent in 1899 and 1900 to Susan Griswold, and she surrendered his notes to him. The plaintiffs introduced three witnesses, P. D. Moore and S. B. and J. O. Griswold, who testified that at their father's house, shortly after his death, they heard Susan (their sister) state that "the deed in question was kept during her father's life in his tin box, in his trunk, with his other papers, and after his death she took it out of the box and gave it to her brother, Kinchen. This is denied by Mrs. Susan (Griswold) Strickland.

The paper marked "Exhibit A" is in form a deed, and has nothing in it to indicate that it was intended as a will. The evidence is clear and uncontradicted that it was delivered by J. J. Griswold to his daughter, the appellant, Susan Griswold Strickland, with instructions to her to deliver it and the other deed to the proper parties at the death of J. J. Griswold. "The delivery of a deed by the grantor to a third person, to be held by him and delivered by the grantee, upon the grantor's death, will operate as a valid delivery, where there is no reservation, on the part of the latter, of any control over the instrument."—13 Cyc. 569; *Owen v. Williams,* 114 Ind. 179, 15 N. E. 678, 684; *Stout v. Rayl,* 146 Ind. 379, 45 N. E. 515, 517. In the case last cited the court reviews several cases, and declares that such a deed takes effect from the instant of delivery, and, quoting from 3 Washburn on Real Property, (5th Ed.) pp. 319, 320, draws the distinction between such a deed, which depends merely upon the lapse of time for its delivery, and an escrow, which is dependent upon the performance of some condition, which may not be done.—Page 517. In our own court, in a case where the grantor delivered a deed, conveying lands to his minor children, to his wife, telling her to look after the children if he died first, and that he would look after them if she died first, it was held that the title passed eo instante.—*Arrington v. Arrington,* 122 Ala. 510, 26 South. 152; *Williams v. Higgins,* 69 Ala. 517; *Abney v. Moore,* 106 Ala. 131, 18 South. 60.

Even if such a delivery could be denominated an escrow, it is "firmly established that a deed cannot be

[Strickland, et al. v. Griswold, et al.]

delivered to the grantee (or one of them), to be held by him as an escrow, and to become valid and binding as a conveyance only on the happening of an event to transpire afterward." Such delivery amounts to an absolute delivery of the deed, and while ·proof may be allowed to show that the deed was not really delivered to said grantee, and that he came into possession of it in some improper way, after it had been delivered to a third party in escrow, yet, if the delivery was in fact to the grantee, it cannot be shown that it was in escrow.—*Cherry, Smith & Co. v. Herring*, 83 Ala. 458, 3 South. 667; *Shelby v. Tardy*, 84 Ala. 327, 330, 4 South. 276; *Hargrave v. Melbourne*, 86 Ala. 270, 272, 273, 5 South. 285; Tiedeman on Real Property, § 815. There is nothing in the cases cited by counsel for appellees which militates against the principles above set forth.—*Sharpe v. Hall*, 86 Ala. 110, 5 South. 497, 11 Am. St. Rep. 28, was one in which the instrument itself reserved "the use, control, and consumption" of the property during his natural life, and was kept by the maker until her death. In *Crocker v. Smith*, 94 Ala. 295, 10 South. 258, 16 L. R. A. 576, the instrument itself reserved a life estate and enjoyment in the grantor "and for the payment of all my just debts," and provided that it was to take effect at his death. No delivery was proved, and the instrument was admitted to probate as a will. In the case of *Fitzpatrick v. Brigman*, 130 Ala. 450, 30 South. 500, the instrument was simply left by the maker of it in the hands of his attorney, with no instructions to deliver it to any one. It matters not where the deed was kept, after it was delivered to Mrs. Strickland.. The delivery, being completed, conveyed the title, though the enjoyment of the estate was postponed. It results that the court erred in giving the general charge in favor of the plaintiffs.

Justice HARALSON and the writer are of the opinion that the court also erred in refusing to give the general charge in favor of the defendant; but the other members of the court hold that it was a question to be· submitted to the jury whether or not the deed was delivered to the appellant Susan M. Strickland.—*Griswold v. Griswold*, 148 Ala. 239, 42 South. 554.

The judgment of the court is reversed, and the cause remanded.

TYSON, C. J., and DOWDELL, ANDERSON, DENSON, and MCCLELLAN, JJ., concur. HARALSON and SIMPSON, JJ., dissent in part.