### McCARTY–GREENE MOTOR CO. v. HOUSE et al. (7 Div. 765).

Supreme Court of Alabama. ·June 30, 1927.

Rehearing Denied Oct. 27, 1927.

**1. Compromise and settlement** ⊚⇒17(1)—Seller of automobile obtaining possession under agreement that repossession should operate as satisfaction of unpaid installments cannot retain possession without fulfilling agreement.

Where seller of automobile obtained possession on express or implied agreement that repossession should operate as satisfaction of all unpaid installments due or to become due, it could not retain possession thus acquired without giving effect to such agreement.

**2. Sales** ⊚⇒479(2, 11)—Seller of automobile cannot regain possession by force and arms or fraud after buyers' default, nor sue for purchase money after acquiring possession in such manner.

Seller of automobile, which had right under contract to take possession on buyers' default, had no right, regardless of terms of agreement, to regain possession by force and arms, or to employ fraud, deception, trick, or artifice to that end, or to maintain suit for balance of purchase money after having acquired possession in such manner.

**3. Compromise and settlement** ⊚⇒25—Charge that seller of automobile having obtained repossession under agreement to cancel purchasers' notes cannot recover on notes held proper.

In action by seller of automobile on notes representing purchase price, brought after plaintiff had repossessed car, charges authorizing verdict for defendants, if plaintiff took car under agreement to cancel notes, *held* properly given.

**4. Release** ⊚⇒12(1)—Valuable consideration is required to support release of automobile buyers from balance of debt.

Valuable consideration· is necessary to support release to buyers of automobile from payment of balance of debt.

**5. Release** ⊚⇒13(1)—Seller's repossession of automobile is sufficient consideration for release of buyers from balance of debt.

Benefit or possibility of benefit accruing to seller of automobile by regained possession and ownership is sufficient consideration to support release of buyers from balance of debt.

**6. Release** ⊚⇒56—Testimony showing condition of automobile when redelivered to seller held admissible to show reasonableness of contention that seller released buyers from balance of debt for purchase price.

In action by seller of automobile against buyers to recover balance of purchase price, in which defendants alleged agreement releasing them from liability on redelivery of car to plaintiff, testimony as to condition of automobile when redelivered *held* admissible to show reasonableness of defendants' contention.

**7. Evidence** ⊚⇒408(3)—Instrument accepted by automobile buyers as receipt for redelivery to seller may be impeached as to provision for buyers' further obligation to pay purchase price.

Receipt given by seller of automobile to buyers, acknowledging redelivery, but stipulating for buyers' further liability for purchase price, was not binding on buyers, as to latter provision, where they accepted it as receipt for redelivery only, and, being mere receipt, they could impeach it by parol.

**8. Principal and agent** ⊚⇒171(6)—Whether automobile seller's agent had authority to release buyers from balance of debt on repossessing car held immaterial, where seller retained possession.

Whether agent of automobile seller had authority to change terms of sale contract *held* immaterial, where seller insisted on right to retain possession, which such agent acquired under agreement to release buyers from balance of debt for purchase price, since such action by seller constituted ratification of agent's act.

Appeal from Circuit Court, Etowah County; O. A. Steele, Judge.

Action on promissory notes by the McCarty-Greene Motor Company against M. P. House and another. From a judgment for defendants, plaintiff appeals. Transferred from the Court of Appeals under Code 1923, § 7326. Affirmed.

Charges 2 and 3, given for defendants, are as follows:

"(2) The court charges the jury their verdict should be for the defendants, if you find from the testimony that the plaintiff took said car from the defendant Brooks under an agreement to cancel the past-due notes."

"(3) The court charges the jury, if you find from the evidence to your reasonable satisfaction that the plaintiff took the car and agreed to cancel the past-due notes, your verdict should be in favor of the defendants."

Motley & · Motley, of Gadsden, for appellant.

General authority to receive payment implies no authority to assign or compromise the claim or waive a lien or release security, in absence of the principal's consent. 2 C. J. 634; Lowenstein v. Bresler, 109 Ala. 326, 19 So. 860. The affirmative charge for plaintiff should have been given. Drennen Motor

---

Car Co. v. Welded Prod. Co., 20 Ala. App. 382, 102 So. 600; Smith v. Lewis, 212 Ala. 133, 102 So. 21; Crass v. Scruggs, 115 Ala. 258, 22 So. 81; Abercrombie v. Goode, 187 Ala. 310, 65 So. 816. The giving of charges 2 and 3 for defendants was error. Abercrombie v. Goode, supra.

E. O. McCord & Son, of Gadsden, for appellees.

Counsel argue the questions raised and treated, but without citing authorities.

SAYRE, J. Appellees House and Brooks, to whom we shall refer as defendants, jointly purchased an automobile from plaintiff, giving promissory notes for deferred payments. Two of these notes being in arrear, defendant Brooks took the automobile to plaintiff's garage and place of business where plaintiff's Gadsden manager, Marion, was in charge. Defendant Brooks testified:

"I went with Mr. Kilpatrick, and the first thing we drove up in front of his [meaning Marion] place of business, and I got out and went in, and told Mr. Marion that Mr. House and myself had decided to let him take the car back in full payment of what we owed him on the car; and he said drive it in the back [meaning into plaintiff's garage]; I drove it in the back; I drove it from out in front of the garage."

After a difference of opinion as to the effect of what had passed had arisen and after heated discussion on that subject, Brooks attempted to get possession of the machine, but was prevented by Marion, who had the key (to the transmission lock). Brooks demanded a showing in agreement with his purpose and understanding; but Marion tendered a receipt for the machine containing a recital that defendants were not released from any liability on notes then past due, which defendants—House had come upon the scene —after protest, took, informing Marion that they accepted it as a receipt for the machine, but that they parted with the automobile only upon condition that the past-due notes were canceled. Plaintiff retained possession of the machine, thus acquired, and brought this action to recover the amount of the two notes then past due. On a plea of accord and satisfaction the jury found with defendants. We have stated the case substantially in agreement with defendants' contention and evidence adduced by them in support of it. But the evidence was in conflict as to what passed between the parties, and plaintiff put in evidence the contract under which defendants got the machine from plaintiff, containing, among other things, a provision as follows:

"In case of default in payment of any installment * * * the vendor may, at its option, terminate this contract, and the entire unpaid balance under this contract shall immediately become due and payable, and the right

of possession of said car on my [defendants'] part shall cease, and the vendor shall have the right and privilege to repossess said car as its own and for its own use and benefit, free from any claim, right, title, or interest on my [defendants'] part, and in and about so doing the vendor may, without any proceedings of law, enter any premises where said car may be found and use such force as may be necessary," etc.

The court charged the jury as follows:

"But, if you find from the testimony that plaintiff got possession of that car under an agreement that the repossessing of the car was taken in full satisfaction of all money due on the purchase price of the car, and under an agreement got possession of the car, and, after he had possession of it, defendants discovered that he was making a different contention and undertook to take their car, and plaintiff prevented them from doing so and gave them a different memorial or statement of the contract of delivery which did not conform to the original agreement under which plaintiff got possession of the car, and defendants at the time announced that that was not the agreement, and would accept the paper as an acknowledgment that they had delivered the car to him, but would not pay the notes, then that receipt would not be binding."

Plaintiff duly reserved an exception. Plaintiff also requested the general charge, which was refused.

[1, 2] If plaintiff obtained possession of the car on an express or implied agreement that the repossession of the car should operate as a satisfaction in full of all unpaid installments, due or to become due, fair dealing and good morals would suggest that it could not retain possession thus acquired without giving effect to its promise to accept it in full satisfaction of the debt due by defendants. This is also the law of the case. This, of course, on the theory that the jury found with defendants on the contested issue of fact. True, plaintiff had the right under its contract to take possession; but it had no right, no matter what the terms of the agreement in that regard, to regain possession by force and arms, nor any right to employ fraud, deception, trick, or artifice to that end, and, if it did regain possession by any such means and continued to hold such possession, it had no right to maintain its suit for the balance of the purchase money.

[3-5] We think the rulings of the court in its oral charge to the jury and on the general charge requested by plaintiff and in giving special charges 2 and 3 requested by defendants were free from error. A valuable consideration was necessary to support the alleged release of the balance of the debt; but, if the jury found with defendants on its theory of the facts, as it was justified in doing by tendencies of the evidence, the consideration necessary to support a release—or more properly, perhaps, an accord and satisfaction —is found in the benefit, or possssibility of benefit, accruing to plaintiff by the regained

possession and ownership of the automobile, of which benefit it must be held to have judged for itself at the time of the transaction involved. Abercrombie v. Goode, 187 Ala. 310, 65 So. 816.

[6] A number of questions were allowed as going to show the condition of the automobile at the time when plaintiff regained possession. This testimony tended to show the reasonableness of defendants' contention as to what then passed between the parties —its probability, its likelihood, its verisimilitude—and was properly allowed to go to the jury.

[7] If defendants accepted the receipt in writing in the manner and upon the condition testified to by them, its acknowledgment of liability for notes then past due was not binding upon them, and, being a mere receipt, they had the right to show by parol any fact in impeachment of its terms.

[8] Plaintiff excepted to a ruling by which the court sustained defendants' objection to plaintiff's question to its witness Marion, "Did you have any authority to change any contract made by them?" referring to the original contract of sale and purchase between the parties. We may assume that plaintiff expected a negative answer. There was no error for the reason that, Marion being in charge of plaintiff's business at Gadsden, and having, as defendants' testimony went to show, accepted the automobile in full satisfaction of the entire purchase money at that time unpaid, and plaintiff insisting upon its right to retain that possession, it was of no consequence whether Marion had authority in the beginning to change the terms of the original contract. Plaintiff must, on defendants' version of the facts, accepted by the jury, have ratified what was done by Marion.

We find no error in the record, and the judgment must be affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and THOMAS, JJ., concur.