(116 So. 693)

### RHODE ISLAND INS. CO. v. WALDEN.
### (3 Div. 788.)

Supreme Court of Alabama.    June 30, 1927.

Rehearing Denied May 17, 1928.

**1. Insurance** ☞179—**Under fire policy insuring building for certain amount and other property for certain amount, each indemnity was separate insurance.**

Under fire insurance policy insuring sawmill building for $1,000, boilers for $800, and other articles connected with sawmill at $3,800, severally, each indemnity was in effect a separate insurance.

**2. Pleading** ☞409(1)—**Where plaintiff made no objection to sufficiency of defendant's plea good as to first count only, defendant was entitled to verdict on all counts upon proving plea.**

In suit on insurance policy providing that insurance of property was void if property was not unconditionally owned by insured, and that insurance of building was void if it were located on ground not owned by insured, defendant's plea that building was situated on ground not owned by insured was good answer to count regarding loss of building, but not as to counts for other property; but, no objection being taken to its sufficiency as to those counts, defendant was entitled to verdict upon all counts upon proving plea.

**3. Deeds** ☞108—**Deed to take effect five years from date, grantors to have possession for five years, was grant in præsenti.**

Deed containing recital that deed should not take effect until five years from date and that grantors should have possession, use, and occupation of land for five years, held to be a grant in præsenti with reservation of possession in grantors for five years from date.

**4. Deeds** ☞108—**Under deed delivered to P. with directions to deliver it to purchaser in five years, legal title passed to purchaser eo instanti.**

Where grantor delivered deed, containing recital that it should not take effect until five years from date, to third person with directions to deliver it to purchaser at end of five years, there was no delivery in escrow requiring performance by grantee of some prescribed condition before final delivery and passage of title, but it was an unconditional delivery, by virtue of which legal title passed to purchaser eo instanti.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Action on a policy of fire insurance by J. B. Walden, doing business as J. B. Walden Lumber Company, against the Rhode Island Insurance Company of Providence, R. I. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

The action is on a fire insurance policy. The complaint is in three counts claiming separately: (1) For the loss of a frame sawmill building; (2) of two boilers; and (3) of machinery, carriages, engines, and other articles connected with the sawmill.

Besides the general issue, and a plea that the plaintiff willfully burned the property insured, defendant pleaded to each count severally the following:

3. That in the policy or contract of insurance sued upon it is expressly stipulated and provided, as a part thereof, that "This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if the interest of the insured be other than unconditional and sole ownership, or if the subject of insurance be a building on ground not owned by the insured in fee simple." And defendant avers that the subject of insurance, viz., the sawmill building together with the boilers and machinery in the complaint mentioned, and which this defendant avers constituted and was operated by plaintiff at the time said policy was issued, and at the time of said alleged fire as a sawmill plant, was situated on ground not owned by the insured in fee simple, or solely and unconditionally.

No demurrer was interposed to this plea, and issue was joined thereon.

Plaintiff introduced the policy in evidence, and his evidence showed the loss of the insured property by fire on May 21, 1925, and its value, as alleged in the complaint. The policy was issued on February 19, 1925, for the term of one year, and separately insured the frame sawmill building for $1,000, and the other two items for $800, and $3,800, respectively. It contained the stipulation set up in special plea 3.

Defendant introduced in evidence a deed showing a grant of the land upon which the insured building and the sawmill outfit were located, by plaintiff and his wife, for a consideration of $140, to one G. C. Morris. This deed was executed and acknowledged before a notary, on February 24, 1922, and contained this recital:

"It is understood between the two parties above that this deed does not take effect until five years from to-day, or February fourteenth, nineteen hundred and twenty-seven, and grantees (grantors?) or their assigns shall have the possession, use and occupation of said land for five years."

Plaintiff's testimony tended to show that this deed was delivered by him in escrow to one W. L. Petrey, to be kept by him for five years, and then to be delivered to the grantee. The testimony of the grantee, Morris, was:

"I am the owner of the land on which Mr. Walden's mill was situated. He made me a deed to it in 1922. He gave me the deed. I did not put it on record. * * * After he gave me the deed, I put it in some papers I had there at home. He gave it to me about the day it is dated. * * * I have had it in my possession ever since."

The trial judge gave the general affirmative charge, with hypothesis, for plaintiff, and there were verdict and judgment for plaintiff for $2,582.41.

Steiner, Crum & Weil, of Montgomery, for appellant.

Counsel argue for error in the rulings assigned, but without citing authorities.

Ball & Ball, of Montgomery, for appellee.

For definition of sole and unconditional title and fee-simple title, see 2 Cooley's Briefs, 1330, 1337, 1347, 1369, 1371, 1375; Brown v. Com. F. Ins. Co., 86 Ala. 189, 5 So. 500; Loventhal v. Home Ins. Co., 112 Ala. 108, 20 So. 419, 33 L. R. A. 258, 57 Am. St. Rep. 17; Exchange Underwriters v. Bates, 195 Ala. 169, 69 So. 956; Cap. C. I. Co. v. Caldwell, 95 Ala. 77, 10 So. 355; Com. F. I. Co. v. Allen, 80 Ala. 571, 1 So. 202. Plaintiff being entitled to the affirmative charge on the evidence, errors are without injury. Chandler v. Pope, 205 Ala. 49, 87 So. 539; Hood v. Warren, 205 Ala. 332, 87 So. 524; Bruce v. Citizens' N. Bank, 185 Ala. 221, 64 So. 82.

SOMERVILLE, J. [1] As we interpret the provision of the insurance policy set up in plea 3, it means that any insurance of property thereby is void if that property is not unconditionally owned by the insured alone; and that any insurance of a building is void if it be located on ground not owned by the insured in fee simple—there being an apportionment of the insurance to the building, and to the other property, severally, so that each indemnity is in effect a separate insurance.

[2] From this view of the policy, it results that plea 3 was a good answer to the first count of the complaint, but not to the second and third counts; but, no objection being taken to its sufficiency as to those counts, defendant was entitled to a verdict upon all of the counts if the plea was proved. Browder v. Irby, 112 Ala. 379, 21 So. 351.

[3] The deed in question was a grant in præsenti, with a reservation of possession in the grantors for five years from its date. Phillips v. Phillips, 186 Ala. 545, 65 So. 49, Ann. Cas. 1916D, 994; Jenkins v. Woodward Iron Co., 194 Ala. 371, 69 So. 646; 18 Corp. Jur. 208, § 113.

[4] According to plaintiff's version of the transaction, he sold this land to the grantee Morris, and delivered the deed, pursuant to their understanding, to one Petrey, with directions to deliver it to Morris at the end of five years from that date. This was not a delivery in escrow, requiring the performance by the grantee of some prescribed condition before final delivery and passage of title, but was an unconditional delivery by virtue of which the legal title passed to Morris eo instanti. Arrington v. Arrington, 122 Ala. 510, 26 So. 152; Strickland v. Griswold, 149

Ala. 325, 328, 43 So. 105; Abney v. Moore, 106 Ala. 131, 18 So. 60.

So it makes no difference whether plaintiff's testimony or Morris' be accepted as true, for in either case plaintiff's title vested in Morris forthwith, and the condition of the policy as to the title of the insured was broken.

Under the pleadings and evidence, therefore, the defendant was entitled to the general affirmative charge, and its refusal was error.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and THOMAS, JJ., concur.