153 So. 181

## MANUFACTURERS' FINANCE ACCEPTANCE CORPORATION v. AUTREY.

### 3 Div. 100.

Supreme Court of Alabama.

March 1, 1934.

T. W. Thagard, of Greenville, and Hamilton & Gordon, of Mobile, for appellant.

Rogers & Rogers, of Greenville, for appellee.

THOMAS, Justice.

The complaint contained counts for balance due on a "promissory note" and a "chattel mortgage" and for attorney's fee, "which the defendant in said chattel mortgage and said promissory note agreed to pay."

The defense was the general issue, payment and accord and satisfaction. The last plea as amended was that defendant purchased from R. O. Winkler a car and executed a note and chattel mortgage thereon, payable in twelve monthly installments, the last of which was due on April 4, 1931, and that note and mortgage were, on the date last mentioned, transferred by the payee, Winkler, to plaintiff, and thereafter transferred to the C. I. T. Corporation by plaintiff. In the month of February, 1931, that corporation's authorized agent, Carlisle, "made an offer to defendant to take said Chevrolet automobile on which defendant had given a chattel mortgage and note to R. O. Winkler and transferred to the C. I. T. Corporation by plaintiff, in full settlement of the balance due the said C. I. T. Corporation by defendant on said chattel mortgage and note," that defendant accepted the offer of accord and satisfaction, "and said automobile was delivered to the agent of the said C. I. T. Corporation while acting within the line and scope of his employment in full payment and in lieu of balance due C. I. T. Corporation by defendant. Defendant alleges that the note and mortgage referred to herein are the same mortgage and note sued upon by plaintiff and subject matter of this suit." Such was the amended plea.

Appellant filed replications to the amended plea which appellee moved to strike on the

ground that they were frivolous, and the motion was granted. Appellant filed amended replications 1, 2, and 3 to amended plea 3, to which demurrer was directed on the ground that "Neither replication One, Two or Three is an answer to defendant's plea No. 3." The demurrer was sustained.

The trial was had on this pleading, and, the evidence being heard, judgment was for defendant.

Appellant's propositions are that a consideration was necessary to an accord and satisfaction; otherwise it was nudum pactum (Brown v. Lowndes County, 201 Ala. 437, 78 So. 815; Scott & Sons v. Rawls & Rawls, 159 Ala. 399, 48 So. 710; Logan v. Austin, 1 Stew. 476; 1 C. J. p. 528); that the return to the creditor of his own lawful property constituted no accord and satisfaction (1 C. J. p. 566; Griffiths v. Owen, 13 Meeson and Welsby's Report, English Exchequer); that a plea which on its face shows want of consideration is bad (1 C. J. p. 576).

In reply to these insistences appellee cites the case of McCarty-Greene Motor Co. v. House, 216 Ala. 666, 114 So. 60, where Mr. Justice Sayre, for the court, states the law of such case as follows: "Where seller of automobile obtained possession on express or implied agreement that repossession should operate as satisfaction of all unpaid installments due or to become due, it could not retain possession thus acquired without giving effect to such agreement." See, also, Penney v. Burns, 226 Ala. 273, 146 So. 611; 1 C. J. p. 551, § 70; 53 C. J. p. 1206, § 20; 55 A. L. R. 184, note.

 The acceptance, surrender, and transfer of the possession of the personal property were sufficient consideration for the release of the balance due on the note and mortgage. 83 A. L. R. 960, note; Brown v. Lowndes County, supra; Brassell v. Williams, 51 Ala. 349; Pearson & Fant v. Thomason, 15 Ala. 700, 703, 50 Am. Dec. 159; Ikard v. Armstrong, 10 Ala. App. 657, 65 So. 849; 1 C. J. p. 565, § 95; 1 Cyc. 335. The benefit or possibility of benefit accruing to the seller of an automobile by regaining the possession and ownership is sufficient consideration to support a release of the buyer for the balance of the purchase money or debt.

When appellant joined issue on said plea, it waived any defects (if such there were) in that pleading as to averment of consideration; the facts stated in the plea make

and indicate the consideration. Parties in suits at law may, in such matter, form their own issues, and the instruction to the jury must conform thereto. Browder v. Irby, 112 Ala. 379, 21 So. 351; Rhode Island Ins. Co. v. Walden, 217 Ala. 510, 116 So. 693.

The judgment was for the defendant and supported by the evidence, and is due to be affirmed. Such is the order.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.