# Scott & Sons *v.* Rawls & Rawls.

## *Assumpsit.*

(Decided Feb. 4, 1909. 48 South. 710.)

1. *Pleading; Conclusions; Denial of Indebtedness.*—A plea which merely states as a conclusion that the defendant did not owe the demand sued on without more fails to inform the plaintiff of what he is to meet and is not a good plea to an action on a note.

2. *Same; Construction.*—A pleading is always construed most strongly against the pleader.

3. *Bills and Notes; Defenses; Failure of Consideration.*—Failure of consideration, to be available in defense of an action on a note must be specially pleaded.

4. *Same; Payment.*—Payment must be specially pleaded to be available as a defense to an action on a note.

5. *Same; Plea of Payment.*—As a defense to an action on a note a plea which alleges that the note was a part of a sum agreed on by the parties and settled on as the amount due from defendant to plaintiff, that the amount was paid in the manner therein set forth (though bad for failing to aver that the payment was made before the suit was brought) is not open to demurrer that it is double, or that it does not show the fact from which the indebtedness rose, or does not show that the order on a third person as set forth in the plea was given in payment of the note.

6. *Accord and Satisfaction; Validity.*—A parol agreement on the part of a creditor to accept a less sum than the real debt followed by the payment of the debtor of that sum, concerning which there is no dispute, is nudum pactum.

7. *Same; Plea; Sufficiency.*—As a defense to an action on a note a plea which alleges that the note was a part of the indebtedness due from the one party to the other, that subsequent to the execution of the note, the parties compromised in which it was agreed that in settlement of the amount due the creditor would accept a less sum and that thereupon the debtor paid to the creditor such less sum, and the creditor executed a receipt acknowledging payment in full, etc., fails to allege a valid consideration for accepting the less sum in satisfaction of the amount claimed, and is therefore, demurrable.

APPEAL from Coffee Circuit Court.

Heard before Hon. H. A. PEARCE.

Action on a promissory note by T. J. Scott & Sons against Rawls & Rawls. From a judgment for defendant, plaintiffs appeal. Reversed and remanded.

The pleas to which demurrers were interposed and overruled by the court are as follows:

Plea 3: "Defendants, as a further defense, aver that said note sued on was a part of the total sum of $2,250, agreed upon by plaintiffs and defendants, and settled upon as the amount to be due and paid to plaintiff by defendants, and that this amount was paid, and was a settlement in full of the said note, and all claims held

against the defendants, including said note sued on; that the sum of $2,250 was paid by one R. Tillis to plaintiffs upon the written order of defendants, and the said plaintiffs gave their receipt upon such payment to R. Tillis, for defendants, for the sum of $2,250 in full settlement ot said note, with all amounts due to them by defendants, and thereupon plaintiffs promised and agreed to surrender and send to defendants their said note." The following demurrers were interposed to plea 3: "(1) Said plea does not show in what way, nor allege the facts from which, said indebtedness arose, nor allege how the note sued upon was a part of said $2,250, whereby it can be seen that the payment of the $2,250 was a payment of said note. (2) Said plea is double, in that it alleges a settlement of said note by payments, and also alleges a payment by a written order by defendant upon R. Tillis. (3) Said plea does not show that the order upon R. Tillis for the said $2,250 was given for the payment of the note sued on. (4) For aught that appears in said plea, the receipt given to R. Tillis by the plaintiff's was without consideration."

Plea 1a: "That they do not, and did not at the commencement of the suit, owe the demand sued on, or any portion thereof." The demurrers interposed to this plea were as follows: "(1) The same alleges a mere legal conclusion. (2) The same does not allege any act showing that they do not owe the note sued upon."

Plea 3a: "That the note sued on is based upon the following consideration: Plaintiffs, T. J. Scott & Sons, had performed certain work for defendants, and agreed to do certain other work for defendants in connection with certain lands situated in Choctaw county, Ala., for which defendants agreed to pay plaintiffs the sum of $2,250. Subsequent to said agreement, on, to wit, the 19th day of February, 1901, defendants executed to

plaintiffs the note sued on for that portion of said $2,-250 upon the request of plaintiffs, and their representation to defendants that they needed some money and wanted defendants' note for $500 to enable them to procure some money; that subsequent to the execution of said note, on, to wit, the 20th day of February, 1901, defendants and plaintiffs entered into an agreement of compromise and settlement with plaintiffs, whereby and wherein it was agreed that plaintiffs would accept in full and complete settlement and satisfaction of the total amount of $2,250 as aforesaid, which included the said notes so given, the sum of $1,750; and that thereupon defendants paid to plaintiffs the said sum of $1,750, and plaintiffs thereupon executed and delivered to defendants their receipt in writing, which receipt was and is in the following words and figures, to wit: 'Montgomery, Ala., Feb. 20, 1901. Received from R. Tillis, for Rawls & Rawls, $2,250 in full for commissions as per agreement in Roseberry-Spencer sale of Choctaw county lands. T. J. Scott & Sons.' And defendants aver that it was the agreement of the parties, and said receipt was given and intended as full satisfaction of the said sum of $2,250, including said note, wherefore and whereby, they say, said note was paid in full." The demurrers interposed to this plea are as follows: "(1) Said plea does not allege any fact showing a valid consideration for accepting a less sum than $2,250, or for releasing defendants from the payment of said note. (2) The facts alleged in said plea do not show a payment in law of the note sued upon. (3) Said plea does not show that any part of the $1,750 so paid was applied upon or intended by the parties thereto as a payment of the note sued upon. (4) The receipt shown by said plea does not purport to be an instrument executed between plaintiffs and defendants, and the facts set out in the plea

[Scott & Sons v. Rawls & Rawls.]

do not show any consideration for plaintiffs' agreeing to accept a less amount than $2,250, which said plea confesses the defendants to have owed the plaintiffs, and neither does said plea aver that the said $1,750 were applied or directed to be applied by the defendants as a payment of the note sued upon. (5) The facts alleged in the plea do not show that defendants were parties to said receipt, nor is it averred that R. Tillis acted as the agent of said defendants in receiving said receipt. (6) It appears from said plea that the plaintiffs have only paid $1,750 upon a debt of $2,250, and it fails to aver that any part of said sum was applied or directed to be applied upon the notes sued upon."

It is unnecessary to set out plea 5. The note which is the subject of the suit is for $500, and the contention of the defendants is that the payment made by Tillis was in full of all demands including the note sued on. It seems from the evidence that, while the receipt given to Tillis recited a payment of $2,250, the facts were that Tillis only paid $1,750.

Espy & Farmer, for appellant. A verbal contract on the part of a creditor to accept less than the face value of his debt from his debtor is a nudum pactum, and cannot be enforced.—*Singleton, et al. v. Thomas,* 73 Ala. 205; *Hodges v. Tenn. Imp. Co.,* 123 Ala. 572; *Hand Lbr. Co. v. Hall,* 41 South. 78. The exceptions are stated in the following authorities.—*Hand Lbr. Co. v. Hall, supra;* Secs. 3973 and 3974, Code 1907 and citations. The effect of the testimony objected to was to add to or contradict the recitals of the notes and letters thereto attached.— *Drennen v. Satterfield,* 119 Ala. 84; *Avery v. Miller,* 86 Ala. 495; *Hunt's Case,* 96 Ala. 130; 17 Cyc. 659. Charge 3 requested by the plaintiff should have been given.— *Stegall v. Wright,* 143 Ala. 204; *Hodges v. Tenn. Imp.*

*Co. supra; McArthur v. Dane,* 61 Ala. 539; *Singleton, et al. v. Thomas supra.* Counsel discuss the other charges given and refused, but without citation of authority.

H. L. MARTIN, and M. SOLLIE, for appellee. No brief came to the Reporter.

DOWDELL, J.—The complaint is on a promissory note. The defendant filed eight pleas. Demurrers were interposed to pleas numbered 3 ,5, 1a, and 3a, which were overruled by the court. These rulings are here separately assigned as error.

Plea 1a is neither in form nor substance the general issue. It merely states as a conclusion of the pleader that the defendant does not owe the demand sued on, without the statement of any facts. Under this plea, if the plaintiff should be forced to join issue on it, the defendant might offer evidence of matter in support of the same, as that of failure of consideration, or payment, which should be specially pleaded, and to which the plaintiff would be entitled to specially reply. The plea fails to inform the plaintiff of what he is to meet, and is therefore bad, and subject to demurrer. Plea numbered 1, to which a demurrer was overruled is subject to like criticism; but this ruling is not assigned as error.

Plea No. 3 as a plea of payment has its infirmities, but is not open to any of the grounds of demurrer assigned. It fails to aver that the payment was made before suit commenced.

Plea 3a, when construed, as the rule requires, most strongly against the pleader, is subject to the demurrer interposed. This plea by its averments sets up as a defense a parol agreement on the part of the creditor to accept, and the payment by the debtor of, a less sum

than the real debt, concerning which there was no dispute, and which the plea admits . The rule is well settled in this state that such an agreement is nudum pactum.—*Singleton v. Thomas,* 73 Ala. 205; *Hodges v. Tenn. Implement Co.,* 123 Ala. 572, 26 South. 490; *Hand Lumber Co. v. Hall,* 147 Ala. 561, 41 South. 78, The plea on its face confesses that the receipt set out in the plea does not speak the truth. While the receipt recites the payment of $2,250, the plea admits in fact only $1,750 was paid, There was no dispute or controversy about the indebtedness of $2,250. The note sued on, it is admitted, represented in part this debt; that is, to the extent of $500. The note was not surrendered upon the giving of the receipt, though it is averred in the plea that there was an agreement to surrender it, which, however, was a mere verbal agreement. Under these facts we are unable to discover anything more than a simple verbal agreement to accept a less sum than the amount of the debt in payment of the same, which was without any consideration to support it, and consequently nudum pactum.

The assignment of error in reference to the ruling on the demurrer to plea No. 5 is not insisted on, and hence we do not consider it.

There are other assignments of error, but what we have said above as to the rulings on the pleadings sufficiently indicates the errors committed, and will prove a sufficient guide on another trial.

For the errors indicated, the judgment is reversed, and the cause is remanded.

Reversed and remanded.

TYSON, C. J., and ANDERSON and McCLELLAN, JJ., concur.