# Davis *v.* Simpson Coal Company.

### *Action for Rent.*

(Decided June 30, 1909. 50 South. 368.)

1. *Appeal and Error; Reservation of Grounds of Review.*—The Supreme Court will not review the judgment of the judge of the Mobile Law and Equity Court sitting without a jury where the bill of exceptions does not contain such conclusion and judgment of the court nor show any exception thereto. Section 17, General Acts 1907, p. 570.

2. *Landlord and Tenant; Rent; Defenses; Eviction by Public Authority.*—When a person leases premises knowing that they include part of a city street, he cannot, when evicted by the city from occupying the street, hold the lessor guilty of a breach of the lease and defeat an action for rent, unless the lease contained a covenant by the lessor against any interference by public authority with the lessee's occupancy.

3. *Same; Evidence.*—Where a lease contract made the basis of a suit refers in terms to a lease of the premises to the lessor by third

party, evidence of such lease is. admissible, where the action is for rent by the lessor.

4. *Same.*—Where the lease contract sued on refers in terms to a lease executed by a third person to the lessor, which said lease provides that there shall be no subletting without the consent of the original lessor, it was competent to show by the original lessor that he had consented to a transfer of the lease, the action being on the lease made by the sublessor.

5. *Pleading; Conclusion.*—Fraud when pleaded, should contain a statement of the fact constituting it, and a statement of fraud without such a statement of fact in a plea is a statement of a conclusion and insufficient.

6. *Appeal and Error; Review; Harmless Error.*—The overruling of a demurrer to a special replication to a plea which had gone out on demurrer, was harmless, since the replication went out with the plea to which it was addressed.

APPEAL from Mobile Law and Equity Court.

Heard before HON. SAFFOLD BERNEY.

Action by the Simpson Coal Company against H. E. Davis, for rent. Judgment for plaintiff and defendant appeals. Affirmed.

GORDON & EDDINGTON, for appellant. When the city authorities dispossessed Davis he was relieved of any further liability under the lease.—*Copeland v. McA'dory,* 100 Ala. 553; *Warren v. Wagnon,* 75 Ala. 189. The city had paramount title.—*Webb v. Demopolis,* 95 Ala. 116. The court erred in sustaining demurrer to plea 3.— *Orendorf v. Tallman,* 90 Ala. 443. A misrepresentation of a material fact upon which another has a right to rely, and on which such other does rely, although made by mistake or ignorance, will operate to avoid a contract founded on such representation.—*Lehman, et al. v. Shackelford,* 50 Ala. 437; *Davis, et al. v. Betz,* 66 Ala. 206; *Ga. H. I. Co. v. Wharton,* 113 Ala. 483; *Bomar v. Rossen,* 131 Ala. 217. Counsel discuss assignments of error relative to evidence but without citation of authority.

BESTOR, BESTOR & YOUNG, for appellee. If the lessee knew that a part of the premises was in the public street and failed to protect himself by covenants against eviction by the public authorities, he cannot defeat the claim for rent.—*McLarren v. Spalding,* 2 Cal. 510; *Hitchcock v. Bacon,* 118 Pa. St. 272. See also in this connection.—24 Cyc. 1133, 1149 and 1158; 65 N. Y. 1; 94 Wis. 9. The eviction complained of was not an eviction in legal contemplation.—*Chestnutt v. Tyson,* 105 Ala. 149; 24 Cyc. 1132. When fraud is relied on, the facts constituting it must be specifically and definitely averred.—*National B. & L. A'ssn. v. Ballard,* 126 Ala. 155. Misstatements or misrepresentations as to matters of law do not constitute fraud.—20 Cyc. 19; *Martin v. Wharton,* 38 Ala. 638. It was competent to show the other lease.—9 Cyc. 582; *Casey v. Holmes,* 10 Ala. 773. Counsel insist that the judgment and conclusions of the trial court will not be reviewed because not contained in the bill of exceptions and because no exceptions are reserved thereto.—Sec. 17, General Acts 1907, p. 570; *Mory v. Monk,* 142 Ala. 175; *Ala. F. G. & W. Assn. v. Garber,* 119 Ala. 70.

DOWDELL, C. J.—This is a suit by the appellee to recover a balance alleged to be due as rent on a lease contract in writing for certain described premises. The case was tried by the court without a jury. Section 17 of an act "to establish the law and equity court of Mobile" (Gen. Acts 1907, pp. 562-570), is the same in its provision as section 14 of an act creating the city court of Selma (Acts 1875-76, p. 390). The bill of exceptions in the present case does not contain the conclusions and judgment of the court upon the evidence, nor does it show any exception reserved. Under the authority of *Morey v. Monk,* 142 Ala. 175, 38 South. 265, and author-

ities there cited, the appellant here can take nothing by the assignment of error in respect to the rendition of the judgment.

The sixth count of the complaint, upon which the case was tried, and to which by agreement of the parties all pleadings and the rulings thereon are directed, sets out in hæc verba the lease contract, the foundation of the suit, out of which the balance claimed as being due for rent arose. A breach of this lease contract by the plaintiff was sought to be set up by the defendant in several pleas, to which demurrers were interposed and sustained. The breach consisted in an alleged eviction of the defendant from a portion of the rented premises by the public authorities of the city of Mobile; the said portion from which the defendant was evicted being a part of a public street in said city. The lease which is set out in the pleadings does not contain the ordinary covenants of warranty and seisin, but instead thereof contains the following express covenant: "That for and in consideration of the rents and covenants hereinafter named the said party of the first part does by these present lease to the said party of the second part, heirs and assigns, commencing on the 1st day of January, 1906, and ending on the 1st day of January, 1908, unless this trust is terminated before said date, all the wharf property and rights that are vested in them by virtue of a lease held by them from Z. M. P. Inge, trustee, lying at foot of Congress street," etc., describing the property.

If the defendant entered into the lease contract with the knowledge that the leased premises extended to and included a part of a public street or highway in the city of Mobile, in the absence of any covenant in the contract by the lessor as against any interference by the public authorities of the lessee's occupancy and use of the same, he could not in such case, when evicted by the city from

the occupancy of the street, hold the lessor (the land-lord) guilty of a breach of the lease contract, and there-by defeat the landlord in his action for rent.—*McLarren v. Spalding,* 2 Cal. 510; *Hitchcock v. Bacon,* 118 Pa. 272, 12 Atl. 352. In the case of *Copeland v. McAdory,* 100 Ala. 553, 13 South. 545, which is cited and relied on here by counsel for appellant, the facts are different from the case before us. In that case the deed contain-ed covenants of seisin and warranty. There are no such covenants here, the only covenant expressed is limited to the rights vested in the lessor "by virtue of a lease held by them from Z. M. P. Inge, trustee," etc. What these rights are do not appear from the pleadings in this case.

Neither of the pleas numbered 2 and 3, and of date of filing April 2, 1908, deny that the defendant had notice, at the time of entering into the contract sued on, that the rented premises covered in part the public street, and being part from which he claims he was evicted. It is true plea 3 states "that he did not know that part of said property was public property," but it does not aver that this want of knowledge existed at the time he executed the lease contract. Moreover, the description of the property as contained in the lease was sufficient to put him on notice that a part of the rented premises, and the part from which he was evicted by the city, ex-tended into the public street. There was no error in sustaining the demurrer to these two pleas.

For the same reasons pleas numbered 2, 3 and 4, and filed date of April 25, 1908, were bad, and subject to the demurrer interposed. These pleas admit that the defendant had knowledge of the fact that the portion of the rented premises from which he claims he was evicted by the city was in the public street of the city, and there is no averment in the plea that the lease con-

tract contained any covenant against eviction by the city. The allegations in the plea of representations made by the plaintiff, on the facts stated in the plea, may be regarded as representations of matters of law, since there is no denial but that the plaintiff at the time had a license from the city to the use of the street. If the representations were as to matters of law, the defendant is presumed to be as well informed in this respect as the plaintiff as to the rights of the parties in the use and occupancy of the street, and the liability to be at any time removed therefrom by the city.

The fourth plea concludes with a general averment of fraud in the execution of the contract. A charge of fraud, without a statement of facts constituting the fraud, is but a statement of a conclusion of the pleader, and insufficient in pleading when assailed by demurrer, the demurrer to the fourth plea, among other grounds, takes this point.

It appears from the record that a demurrer was sustained to the fifth plea, both as originally filed and as amended; but this ruling is not assigned as error. The fifth plea passing out on demurrer, the special replication to it also went out. The overruling of the demurrer to this special replication, if error, was error without injury, since the replication went out with the plea to which it was addressed.

There was no error in admitting evidence of the lease from Z. M. P. Inge, trustee. This lease was referred to in terms in the lease contract sued on, and was thereby made relevant. There was no error in admitting in evidence the acts of the Legislature referred to in the Inge lease contract. The evidence of the witness Inge as to his consent to the transfer of the lease was properly admitted. The lease provided that there should be

no subletting without his consent. This evidence, therefore, was competent and relevant.

We find no reversible error in the record, and the judgment is affirmed.

Affirmed.

SIMPSON, DENSON, and MAYFIELD, JJ., concur.