# Baumhauer *v.* Mobile Electrical Supply Co.

### *Assumpsit.*

(Decided June 14, 1910.   52 South. 732.)

1. *Bills of Exceptions; Stating Testimony in Extenso; Rule 32.*— The bill of exception in this case examined and held not to violate rule 32, supreme court practice.

2. *Witnesses; Competency; Knowledge.*—Under a complaint seeking to recover the percent agreed upon of the gross price payable when the roughing in was completed, where it appeared that the building was burned before the contract was completed, a witness having testified without objection, that the roughing in part of the work had been completed before the fire and having defined "roughing in" as the work put in ahead of the finished wall, there was no error in admitting his testimony although it was developed on cross examination that he was unable to give details of the work when done without the aid of the plans.

3. *Appeal and Error; Record; Review of Findings.*—Where the finding of the court is not sufficiently shown in the bill of exception, the sufficiency of the evidence to support the conclusion of the trial court on the issues of facts cannot be reviewed on appeal.

APPEAL from Mobile Law and Equity Court.

Heard before Hon. SAFFOLD BERNEY.

Assumpsit by the Mobile Electrical Supply Company against Jacob H. Baumhauer. From a judgment for plaintiff, defendant appeals. Affirmed.

The action was for work and labor done on a building of defendant for the price of wiring, put in under a contract. The answer of the witness Sconyers, noted in assignment 2, is as follows: "Well, I have completed what we contracted for in the electrical business, roughing in; that was work put in ahead of the finished walls of the building." The recitals of the bill of exceptions as to the exceptions to the finding of the court are as follows: "The court took the case under advisement, and afterwards rendered the judgment set out

in the transcript, and to the rendition of the judgment the defendant excepted. The evidence tended to show a contract between the parties for the wiring of the house, and the completion of the part denominated 'roughing in' before the burning of the building, and that the burning of the building rendered it impossible to complete the job." The recovery was for 85 per cent. of the contract price.

D. B. COBBS, for appellant. The bill of exceptions should not be stricken.—*Gassenheimer Co. v. Paper Co.,* 127 Ala. 183; *Northern Ry. Co. v. Brakefield,* 123 Ala. 605; *Woodward I. Co. v. Herndon,* 130 Ala. 375; *L. & N. R. R. Co. v. Hall,* 131 Ala. 166. The court erred in admitting the testimony of Sconyers.—*LaFayette Ry. Co. v. Tucker,* 124 Ala. 519.

BESTOR, BESTOR & YOUNG, for appellee. The bill of exceptions violates rule 32 of the Supreme Court Practice, and should be stricken.—*Gassenheimer P. Co. v. Marietta P. Co.,* 127 Ala. 183; *L. & N. v. Hall,* 131 Ala. 161; *Southern Ry. Co. v. Jackson,* 133 Ala. 384. The court did not err in admitting the testimony complained of, or in overruling the motion afterwards made to exclude it.—*L. & L. & G. I. Co. v. Tillis,* 110 Ala. 213; *McAlman v. The State,* 96 Ala. 98; *Billingsley v. The State,* 96 Ala. 126; *Glaze v. Blake,* 56 Ala. 379; *Hayes v. Woods,* 72 Ala. 92; *Roberts v. Burgess,* 85 Ala. 192; *Cannon v. Lindsey,* 85 Ala. 198. The finding of the court does not sufficiently appear to authorize a review of the judgment on the evidence.—*Davis v. Simpson C. Co.,* 50 So. 368.

McCLELLAN, J.—The motion to strike the bill of exceptions because violative of rule 32 (Civ. Code, p. 1526) is overruled. The construction of the bill is close

upon the border line of a violation of the rule, in the particular that questions and answers, not the subjects of objections and exceptions, are often set out, verbatim, in the bill. The bill is not framed in strict accord with the requirements of the rule, but the departure from these requirements is not so flagrant as to lead to the imposition of any of the penalties of the rule.

The cause of action is set forth in common counts. The plaintiff (appellee) engaged to wire for electricity a building of defendant (appellant) in the course of construction. The contract provided that 85 per cent. of the stipulated gross price should be payable on "roughing in, balance after acceptance of work by city electrician." The building burned before the electrical work was completed. The recovery sought is of the 85 per cent. payable on "roughing in." The appellant expressly waives in brief insistence upon the first assignment.

There was no error in declining to exclude the answer of the witness, Sconyers, set out in the second assignment. While the answer employed the contract term, "roughing in," it in the same breath defined that term. The motion to exclude (most generally) portions of the testimony of the witness, Sconyers, was properly overruled. The witness had testified without objection that the "roughing in" part of the work had been completed before the fire, whereupon the indicated percentage of the contract price became payable.

On the cross, the counsel for appellant inquired as to the details of what was, in fact, done in "roughing in," to which the witness replied, in substance, that he could not answer without the plans, not then available to him. The motion's object was to eliminate from the jury's consideration all of the witness' evidence on the subject of "roughing in," including that wherein he tes-

tified to the completion of that feature of the work. Obviously, the inability of the witness to give the details of the work stated without the aid of the plans, did not render inadmissible the general statement already made by the witness that the indicated feature of the work, viz., "roughing in," had been completed. A witness might well, without objection, testify that a bridge had been completed according to contract, when, unaided by plans and specifications, he could not tell minutely every act performed in construction.

The evident conclusion of the court on the issues of facts finds substantial support in evidence before it. However, if that were not so, review of the conclusion of the court could not be had here, for the reason that no sufficient recital of the finding of the court appears in the bill of exceptions.—*Davis v. Simpson Coal Company*, 162 Ala. 424, 50 South. 368.

The judgment of the court is affirmed.

Affirmed.

SIMPSON, MAYFIELD, and EVANS, JJ., concur.