# Louisiana Lumber Company v. J. W. Farrior Lumber Co.

## Assumpsit.

(Decided November 25, 1913.   63 South. 788.)

1. *Accord and Satisfaction; Payment; Pleading.*—Where the check sent was for a less sum than the amount admittedly due, the sending of the check in full by the debtor and the acceptance and cashing thereof by the creditor will not constitute a payment in full; hence, a plea of payment by check setting forth facts justifying the inference that the amount paid was less than the amount admittedly due is fatally defective.

2. *Same; Compromise and Settlement; Acts Constituting; Pleading.*—A plea of accord and satisfaction alleging facts showing a payment of a less amount in full of a larger amount is insufficient if it fails to show that the amount of the indebtedness was in dispute at the time of the acceptance by the creditor of the lesser amount tendered in full.

3. *Pleading; Special; General Issue.*—Where the action was for $133.16, a plea alleging that plaintiff had sent defendant a statement of account showing balance due of only $13.00, does not set forth an estoppel, but alleges matters available under the general issue as an admission against interest, and puts on plaintiff the burden of showing that the statement was the result of a mistake, and hence, rendered the special plea demurrable.

4. *Same; Set-Off; Counter Claim.*—Where the action was for $133.16 for goods sold and delivered, a plea alleging that plaintiff

was indebted to defendant in the sum of $133.30 liquidated damages, growing out of a transaction whereby plaintiff agreed to ship lumber, and that defendant paid $13.30 on account of demurrage occasioned by plaintiff's failure to ship the car as instructed, which amount defendant offers to set off against plaintiff's demand, was fatally bad for a failure to disclose the set-off, and as alleging matters as evidence and conclusion.

APPEAL from Birmingham City Court.

Heard before Hon. WILLIAM M. WALKER.

Action on the common count by the Louisiana Lumber Company against the J. W. Farrior Lumber Company. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

The pleas alluded to in the opinion are as follows:

"(3) The defendant for further answer to the complaint, and each count thereof, says that heretofore before this suit was commenced, it mailed plaintiff a check for $858.67, which was in full payment of car No. 64502, and that at the time said check was received by plaintiff and cashed, the following appeared on the face of said check, to wit: '64502, $560.83, less freight, $150.00.' Also: 'When indorsed this voucher constitutes a receipt in full of above-described account.' This check was indorsed by plaintiff herein and cashed. And defendant further avers that this suit is brought by plaintiff to recover in part $119.86, deducted by defendant for freight on said car of lumber, which was purchased by defendant from the plaintiff at delivered price. The defendant for further plea in answer to said complaint says that $13.30, the amount sued for, is a charge made by the railroad for demurrage on cars of lumber named in the account sued on, and which was occasioned by plaintiff's failure to consign said cars to J. W. Farrior Lumber Company, as instructed.

"(4) Defendant for further plea in answer to complaint averred and sets out that heretofore, and before the filing of this suit, it paid its indebtedness to plain-

tiff in full by check No. 1902 for $94.42, which had plainly written across the face 'balance in full of the account to date as per statement attached,' and which said check was indorsed and cashed by plaintiff herein and that the account on which the suit was brought had been rendered prior to the receipt of said check, and that said check was a payment in full of the account of which this suit was brought.

"(5) Defendant, for further plea and answer to complaint in each count hereof, avers that heretofore, and before the filing of this suit, it received a statement from plaintiff herein bearing the date of October 19, 1910, duly itemized and containing the items composing the account, on which plaintiff now sues, and setting out a balance due of $13.30, and defendant avers that said amount covers a charge made by the railroads for demurrage on cars of lumber set out in said count, which was occasioned by plaintiff's failure to bill said cars of lumber to J. W. Farrior Lumber Company as instructed, in this: That demurrage occurred by the railroad's refusal to deliver said car or cars to defendant or its vendee without specific instructions from plaintiff herein, which was not promptly furnished.

"(6) The defendant as a defense to the action of plaintiff says that at the time said action was commenced, the plaintiff was indebted to it, in the sum of $133.30, liquidated damages for that, heretofore, on, to wit, the 24th day of June, 1910, it ordered a car of partitions from plaintiff, and agreed to pay plaintiff for said car of partition delivered price, although in said order by error f. o. b. mill appeared, the plaintiff as a lumber merchant knew from the price named that defendant intended the same to be f. o. b. delivered, and that heretofore, and since said car was delivered, the plaintiff sent statement to defendant showing that said car of

[Louisiana Lumber Co. v. J. W. Farrior Lumber Co.]

lumber was sold at delivered price; and that heretofore defendant has paid $13.30 on account of demurrage, charged by railroads on cars named in said account sued on, and consigned to itself instead of J. W. Farrior Lumber Company, as instructed, and which said demurrage charges were occasioned by plaintiff's failure to ship said car or cars as instructed, which amount defendant hereby offers to set off against the demands of plaintiff."

THOMPSON & THOMPSON, for appellant. The pleadings are always construed most strongly against the pleader.—*Crawford v. Ingram*, 157 Ala. 314; *Scott v. Rawls*, 159 Ala. 399. Where a special plea combines the general issue, which is pleaded, with an imperfectly pleaded special defense, it is bad on demurrer.—*Stevenson v. Wright*, 111 Ala. 579; 16 A. & E. P. & P. 549. A plea in bar should show a prima facie bar to the action as presented by the declaration.—*Roland v. Logan*, 18 Ala. 307. A plea professing to answer the entire complaint, but omitting to answer a material allegation of any count, is bad on demurrer.—*Adam v. McMillan*, 7 Porter 75; *Deshler v. Hodges*, 3 Ala. 509; *Standifer v. White*, 9 Ala. 527; *Bryan v. Wilson*, 27 Ala. 208; *Brazeale*, 34 Ala. 512; *Newson v. Huey*, 36 Ala. 37; *Murphy v. Talley*, 124 Ala. 279. Receipts are always open to examination even when they state that it is in full payment, and are only presumptive evidence of full payment, and simply places on the creditor the burden of proving that such payment was not in full.—Code, Sec. 3973; *Steigall v. Wright*, 143 Ala. 204; *Canadian Fish Co. v. McChane*, 14 L. R. A. 443 (N. S.); *Eufaula Nat'l Bank v. Passmore*, 102 Ala. 370; *Cowan v. Sapp*, 74 Ala. 44; *Scrass v. Scruggs*, 115 Ala. 258; *Lunn v. Bean*, 141 Ala. 236. A valuable consideration is necessary to sup-

[Louisiana Lumber Co. v. J. W. Farrior Lumber Co.]

port a release or discharge of a debt.—*Crass v. Scruggs,* 115 Ala. 258; *Singleton v. Thomas,* 73 Ala. 205; *Smith v. Gale,* 58 Ala. 600; 1 Am. & Eng. Ency. of Law (2d Ed.) p. 420-2 and authorities cited; 20 Am. & Eng. Ency. of Law, p. 744; *Lynn v. Bean,* 141 Ala. 236; *Cleere v. Cleere,* 82 Ala. 581; *M. J. & K. C. R. R. Co. v. Owen,* 121 Ala. 512; *Scott v. Rawls,* 48 South. 710; *Hodges v. Tenn. Imp. Co.,* 123 Ala. 572; *Hand Lum. Co. v. Hall,* 147 Ala. 561.

G. W. YANCEY, for appellee. Where claims are in dispute a compromise and part payment thereof is sufficient consideration to support this charge.—1 Cyc. 229; 24 A. & Eng. Enc. of Law, 288. A creditor may reject the tender in full of its claim, but if he accepts it he is bound by the condition, and will not be allowed to keep the money and repudiate the condition.—*Hanson v. Todd,* 95 Ala. 328; *Hand L. Co. v. Hall,* 147 Ala. 561.

THOMAS, J.—This suit was by the appellant against appellee for $133.16, declaring solely on the common counts in code form, on account, account stated, for goods sold and delivered, etc. To the action the defendant (appellee), in addition to the general issue, filed four special pleas, numbered, respectively, 3, 4, 5, and 6, which the Reporter will set out. Their many defects as answers to the complaint are so apparent from a casual reading of them that we deem it unnecessary to discuss at length the demurrers which pointed out some of these defects, and which, though overruled, should have been sustained. The pleas are incoherent, lacking in certainty, badly involved, and so confusing that we confess our inability to understand just what material issues they were intended to present. They aver, not facts, but mostly mere matters of evidence and the conclusions of

the pleader from this evidence which he so sets out in them.

The first two (three and four) were intended, we presume, either as pleas of payment or pleas of accord and satisfaction. Merely sending the plaintiff a check for a certain amount, bearing an indorsement or notation upon it to the effect that it was sent in full payment of all demands due plaintiff, as alleged in the pleas, would not, in law, although the plaintiff accepted the check, and got it cashed, constitute payment in full, if the check was for a less amount than what defendant admittedly owed the plaintiff at the time of sending it.— *Hodges v. Tennessee Imp. Co.,* 123 Ala. 573, 26 South. 490; *Scott & Sons v. Rawls & Rawls,* 159 Ala. 404, 48 South. 710. Hence the pleas are deficient as pleas of payment, in that from the evidence set forth the inference is that the amounts alleged to have been paid were less than what was really due. On the other hand, if we treat the two pleas as pleas of accord and satisfaction— as alleging the payment of a less amount in accord and satisfaction of a larger amount claimed—they are deficient in not showing that the amount of defendant's indebtedness to plaintiff was in dispute between them at the time of the acceptance by plaintiff of the less amount tendered to him in full compromise and settlement of his whole claim.—*Hand Lumber Co. v. Hall,* 147 Ala. 563, 41 South. 78.

The fifth plea we are unable to classify at all. The first part avers mere matter of evidence to the effect that before this suit was brought (which is for $133.16, as said) the plaintiff sent the defendant a statement of account, showing a balance due of only $13. We suppose, for want of a better explanation, that this fact was intended by the pleader to be set up as an estoppel, though he does not so allege it, against the plaintiff to

[Steverson v. Agee & Company.]

claim more than $13 now; and then the plea proceeds to set out facts intended, we guess, to show that the $13 item on the account, going to make up the balance of the $13 due on the account rendered by plaintiff, defendant never owed him at all. The facts set up in the first part of the plea in no sense constitute an estoppel; but are mere matters of evidence which might be introduced under the plea of the general issue as an admission by plaintiff against his interest, putting on him the burden of showing that it was the result of a mistake in making out the account. The last portion of the plea, as to the $13 item of the account, if intended to allege facts to show that the defendant was never indebted at all to plaintiff for this item, was likewise admissible only under a plea of the general issue.

The sixth plea purports to be a plea of set-off, but we are unable to determine from its incoherent averments in what the set-off consists. It, too, alleges matters of evidence and the conclusions of the pleader therefrom.

The court erred in not sustaining plaintiff's demurrers to all these pleas, and the judgment is therefore reversed. It becomes unnecessary to consider the other questions raised on this appeal.

Reversed and remanded.