# Ikard *v.* Armstrong.

*Failure to Satisfy Mortgage Record.*

(Decided June 11, 1914.   65. South.  849.)

1. *Accord and Satisfaction; Part Payment; Money.*—Where a debt or demand is liquidated and due, payment by the debtor and receipt by the creditor of a sum less than is due is not an accord and satisfaction thereof, unless there is a release under seal or a receipt in writing as provided by section 3973, Code 1907, although the creditor agrees to accept it as such.

2. *Same; Specific Property.*—A valid accord and satisfaction takes. place when specific property is delivered and accepted in satisfaction of the demand, regardless of the value of the property.

3. *Mortgages; Satisfaction of Record; Refusal.*—Where the evidence for the plaintiff tended to show a payment of· the mortgage, for failure to satisfy which suit was instituted, the defendant could not properly be given the general charge.

APPEAL from Madison Law and Equity Court.

Heard before Hon. J. H. BALLENTINE.

Action by Willie F. Armstrong against Ed. Ikard, for the penalty for failure to satisfy the record of a mortgage.   Judgment for plaintiff and defendant appeals.   Affirmed.

DOUGLASS TAYLOR, for appellant.   There was no ac cord and satisfaction shown, and without it there was no payment of the mortgage debt, and the court erred in failing to so instruct the jury.—*Scott v. Rawls,* 159 Ala. 399; *Hand Lumber Co. v. Hall,* 147 Ala. 561; *Hodges v. Tenn. Imp. Co.,* 123 Ala. 572; *Singleton v. Thomas,* 73 Ala. 205.

R. E. SMITH, for appellee.   There was a valid and binding accord and payment of the mortgage when the mortgagee accepted property thereunder as such payment, regardless of the value of the propety.—*Hand*

*Lumber Co. v. Hall,* 147 Ala. 561; *Singleton v. Thomas,* 73 Ala. 205; *Brassell v. Williams,* 51 Ala. 349; 11 Cyc. 335.

THOMAS, J.—The only question is whether or not the mortgages that appellant failed upon written demand to mark "satisfied" on the record, as required by section 4900 of the Code, had been paid before the making of the demand. Upon the theory that there was no evidence tending to show such payment and satisfaction, he, the appellant, defendant below, requested the affirmative charge, the refusal of the court to give which is the only error assigned.

On this subject the plaintiff testified in effect that he did not pay the mortgages off in cash, but that he delivered to defendant two mules, a wagon and harness, $35 in cash, a quantity of corn and cotton seed, and some plow tools and farming implements, which, by agreement between him and the defendant, the defendant was to and did accept in full satisfaction of the mortgages.

If the jury believed this, then the mortgages were settled in full, although the cash value of the property so delivered and accepted was, as shown by defendant, not equal to the amount admitted to be due on the mortgages. The general rule undoubtedly is that where the debt or demand is liquidated or certain, and is due, and not in dispute, payment by the debtor and receipt by the creditor of a less sum is not a satisfaction thereof, although the creditor agrees to accept it as such, if there be no release under seal or receipt in writing (Code, § 3973).—*Louisiana Lumber Co. v. Farrier,* 9 Ala. App. 388, 63 South. 788; *Scott v. Rawls,* 159 Ala. 399, 48 South. 710; *Hodges v. Tenn. Imp. Co.,* 123 Ala. 572, 26 South. 490; *Hand Lumber Co. v. Hall,* 147 Ala.

[Ikard v. Armstrong.

561, 41 South. 78. But this principle that a liability cannot be discharged by payment and acceptance of a less sum applies only to a payment in money. A valid accord and satisfaction takes place when specific property is delivered and accepted in satisfaction of the demand, regardless of the value of the property.—*Brassell v. Williams,* 51 Ala. 349; 1 Cyc. 335.

It follows that the court did not err in refusing the affirmative charge, and that the judgment must be affirmed.

Affirmed.

---

## MEMORANDA
OF
CASES DECIDED DURING THE PERIOD EMBRACED IN THIS
. VOLUME, WHICH ARE ORDERED NOT TO BE
REPORTED IN FULL.