## Meador v. Evans.

### Assumpsit and Trover.

(Decided November 7, 1914.   66 South. 446.)

1. *Trover; Demand; Necessity.*—One who takes possession of chattels belonging to another. even under a bona fide belief of a right to do so. takes them wrongfully and is guilty of a conversion thereof, and no demand is necessary before suing in trover.

2. *Appeal and Error; Review; Discretion.*—The extent to which cross-examination will be allowed or limited is within the sound discretion of the trial court, and will not be reviewed unless abused.

APPEAL from Marengo Law and Equity Court.

Heard before Hon. EDWARD J. GILDER.

Dora Evans sued J. B. Meador in assumpsit and in trover, and had judgment from which defendant appealed. Affirmed.

I. I. CANTERBERRY, and PARTRIDGE & HOBBS, for appellant. The corn was taken possession of by the tacit con-

[Meador v. Evans.]

sent of plaintiff, and the demand for its return was necessary before trover could be maintained.—*Wilson v. Curry,* 149 Ala. 368; §§ 4734, 4739, Code 1907.

WILLIAM CUNNINGHAME, for appellee. Under the authorities cited by appellant, and under the facts in this case, no demand was necessary. It is within the sound discretion of the court to control the cross-examination, and the exercise of such discretion will not be reviewed unless abuse is shown.

GARDNER, J.—This suit was brought by appellee against appellant, the complaint consisting of three counts: One, in trover, for the wrongful conversion by defendant of 125 bushels of corn, and one cow and calf, the property of the plaintiff; one, for money had and received; and, one, on open account. There was judgment for the plaintiff, and the defendant appealed.

The cause was tried by the court without a jury. The judgment does not disclose precisely upon which count of the complaint it was rendered, but it would seem to have rested upon the first, which is the count in trover, and it is so treated by counsel, and will be so considered here.

There does not appear to have been any special finding of facts requested by either party.—Acts 1909, pp. 355-356.

There are but two assignments of error. One, that "'the court erred in rendering judgment for plaintiff against defendant." It is insisted by counsel for appellee that this assignment cannot be considered, for the reason that the bill of exceptions does not show an exception to the judgment.—*Davis v. Simpson Coal Co.,* 162 Ala. 424, 50 South. 368. In this, however, counsel are mistaken, for, as we read the bill of exceptions, the exception so appears, as found on page 17 of the transcript.

[Meador v. Evans.]

The insistence of counsel for appellant as to this assignment consists in failure to prove a demand made by the plaintiff on defendant, for the property, for the conversion of which the suit was brought. This insistence, however, presupposes that the defendant (following argument of counsel) acquired the property rightfully, as by consent of plaintiff. We do not, however, so read the record, and it is our opinion that it does not show any consent on the part of plaintiff. We think the record shows that the property was acquired, in the eyes of the law, wrongfully. We say, "in the eyes of the law" there appears a wrongful acquisition, so as to make clear that there is no intimation of a moral wrong on the part of the defendant; as the record would indicate that he acted upon the bona fide belief that he had a moral, as well as a legal, right to do as he did.

"The wrongful assumption or dominion over property of another is subversion and denial of his rights constitutes a conversion of such property irrespective of whether there was a demand made for the surrender and a refusal to surrender said property."—*Woods v. Rose & Co.,* 135 Ala. 297, headnote 1, 33 South. 41; *Moore v. Monroe Refrigerator Co.,* 128 Ala. 621, 29 South. 447.

The cause was determined upon evidence for the plaintiff alone, the defendant offering no proof.

There appears no serious controversy of fact, that the property was that of the plaintiff. The taking of the property of the plaintiff, under the circumstances disclosed by this record, was, in a legal aspect, wrongful, and so the assumption of dominion over it, in subversion of the rights of the plaintiff, was "conversion," and therefore no demand was necessary.

The only remaining assignment of error relates to the ruling of the court in sustaining objection to the question of the defendant, propounded to the plaintiff as a

witness, as to who advised her "to put in a claim for this corn." This question came near the close of a rather full cross-examination of plaintiff by the defendant, in which defendant elicited the particulars as to how plaintiff acquired the corn, etc. The evidence was without any material conflict, and the question as to who advised her to put in a claim to the corn cannot be said to call for an answer relevant and material to any issue in the case, and it therefore comes within the rule providing that the latitude and extent of cross-examination as to such matters rests largely in the discretion of the trial court, and will not be reviewed unless abuse thereof is shown.—*Mitchell Square Bale Ginning Co. v. Grant,* 143 Ala. 194, 38 South. 855; 6 Mayf. Dig. p. 372.

We are of the opinion that no reversible error appears in the record, and the judgment of the court below is therefore affirmed.

Affirmed.

McClellan, Sayre, and de Graffenried, JJ., concur.