## American Workmen v. James.

### Assumpsit.

(Decided December 14, 1915. 70 South. 976.)

1. **Accord and Satisfaction; Pleading; Insurance.**—The plea alleging settlement and satisfaction of the claim stated and examined, and held subject to the demurrer interposed.

2. **Appeal and Error; Review; Presumption.**—Where the record does not show any ruling on demurrer to an amended plea, and the trial was had and evidence developed as if the issue presented thereby was in the case, it will be presumed either that the plea remained in, or that defendant was given the benefit under the general issue.

3. **Same; Harmless Error; Pleading.**—Any error in sustaining demurrer to a special plea was harmless where a defendant was allowed the full benefit of such plea under his plea of the general issue.

4. **Evidence; Authentication; Letter.**—A letter received by a plaintiff in due course of mail in response to a letter previously written to defendant is properly received in evidence, as it will be presumed that it was written by defendant or for defendant by some one authorized.

5. **Same; Admissions; Authority of Agent.**—Where plaintiff received a letter from defendant stating that defendant's agent, naming him, would call and make settlement of plaintiff's claim, a letter from such agent stating that he had received from defendant a check for plaintiff's claim was properly admitted over the objection that it had not been shown that such agent had authority from defendant to write such letter.

6. **Accord and Satisfaction; Evidence.**—Where the sole dispute was whether plaintiff accepted a check in full settlement of a claim, or only as a credit thereon, or whether there was adequate consideration for the settlement, and the evidence was in conflict, defendant was not entitled to peremptory instructions.

7. **Same; Extent of Liability; Settlement.**—Where the beneficiary of a life policy receives a part of the face of the policy, he is entitled to recover the balance of the insurer, unless he agreed and understood that the part received was a payment in full.

8. **Same; Burden of Proof.**—Where the action was on an insurance policy and the insurer admitted the original debt, the burden was on him to establish that it was paid, or that the beneficiary accepted a part payment with

knowledge that it was intended to be an extinguishment of the debt, and understanding that it was in full payment.

9. **Insurance; Action on Policy; Burden of Proof.**—Where the plaintiff makes out a prima facie case, in an action on a life insurance policy, the burden is shifted to the insurer to prove the defenses.

10. **Accord and Satisfaction; Consideration; Part Payment.**—The fact that a beneficiary knew that an insurance adjuster had no authority to make a part payment, unless it should be accepted by the beneficiary in full settlement, does not relieve the insurer of liability for the remainder actually due, unless there is a bona fide dispute as to the liability, or some other consideration in addition to the part payment.

11. **Evidence; Materiality.**—A letter offered by defendant, written by defendant to its agent, after settlement with plaintiff, and which was not material to any issue in the case, was properly excluded.

APPEAL from Montgomery City Court.

Heard before Hon. GASTON GUNTER.

Action by John James against the American Workmen on a policy issued on the life of Corrie James. From a judgment for plaintiff, defendant appeals. Affirmed.

The second plea, as originally filed, is as follows: "For further plea and answer defendant says that after the making, executing, and delivering of the policy sued on, and the death of Corrie James as alleged, and before the commencement of this action, on, to-wit: December 2, 1913, defendant delivered to plaintiff its check for $75 on the United States Trust Company, of Washington, D. C., payable to plaintiff in full settlement and satisfaction of the claim sued on in this action; that the plaintiff then and there accepted said check in full payment of all sums of money due under the policy mentioned in said complaint, and discharged defendant from all promises, and all sums of money then due and owing and surrendered to defendant said policy sued on; that plaintiff cashed said check and received therefor $75 in lawful money of the United States."

The plea was amended by inserting after the words "policy sued on" the words "for cancellation in pursuance of the agreement as aforesaid." The plea was afterwards amended by adding thereto the following: "That the consideration of said compromise and settlement was the fact that said claim was disputed by reason of the fact that defendant claimed that the policy sued on had become null and void by reason of the non-payment of dues and assessments due thereunder. And by oral agreement plaintiff agreed to and accepted said $75 in full settlement and satisfaction of the claim sued on in this action."

[American Workmen v. James.]

The following charges were given for plaintiff: "(1) The court charges the jury that, unless Cooper and James agreed and understood that $75 was paid and received with the understanding and agreement that it was payment in full, the plaintiff is entitled to a judgment.

"(2) The court charges the jury that, if defendant admits the original debt, the burden of proof is on him to establish by a preponderance of the evidence that the same was paid, or that James accepted the $75 knowing at the time that it was intended to be an extinguishment of the debt, and an agreement and understanding that it was paid and accepted in full payment.

"(3) The court charges the jury that, when plaintiff makes out a prima facie case, the burden of proof is then shifted to defendant to prove their defense by a preponderance of the evidence."

WALTER S. RICHARDSON, and WOODFORD MABRY, for appellant. TYSON & ARRINGTON, and J. PAUL JONES, for appellee.

THOMAS, J.—(1) The court committed no error in sustaining the plaintiff's demurrer to defendant's plea No. 2, as is so clearly pointed out in the following authorities as not to require discussion: *Louisiana Lumber Co. v. Farrior*, 9 Ala. App. 383, 63 South. 788, and cases there cited; *Ikard v. Armstrong*, 10 Ala. App. 657, 65 South. 849; *Smith v. Elrod*, 122 Ala. 269, 24 South. 994; *Andrews v. Tucker*, 127 Ala. 612, 29 South. 34.

(2, 3) The defendant also complains that the court sustained demurrers to said plea 2 as amended, but the record does not disclose this to be a fact. It is true that two amendments of the plea appear in the record, but it nowhere appears that plaintiff's demurrer to the plea was refiled after the amendments to the plea were made; nor does the judgment entry disclose any ruling on demurrers, if any were filed, to defendant's said plea numbered 2 as amended. Moreover, the trial was had and the evidence developed, pro and con, and charges given, as if the issue presented by the plea was an issue in the case; hence we must presume either that the plea remained in, or, if demurred out, that the defendant was allowed the benefit of it under the plea of the general issue, which precludes him from complaining even if the court had wrongfully sustained, which does not appear, a demurrer to said plea as amended.—*Padgett v. Gulfport Fert. Co.*, 11 Ala. App. 366, 66 South. 866.

[American Workmen v. James.]

(4) The court committed no error in permitting the plaintiff to introduce in evidence the letter shown to have been received by plaintiff in due course of mail in response to a letter previously written and forwarded by plaintiff to defendant by mail; the letter so introduced in evidence by plaintiff purporting to have been written by defendant and acknowledging the receipt of and being a reply to plaintiff's said letter. The presumption or inference in such case is that the letter was written by defendant, or for it by some one authorized by it, which presumption or inference continues until overcome by evidence to the contrary offered by defendant.—14 Encyc. Evidence, 744; *White v. Tolliver,* 110 Ala. 300, 20 South. 97; *O'Connor Min. & Mfg. Co. v. Dickson,* 112 Ala. 308, 20 South. 413; *Burton v. State,* 141 Ala. 34, 37 South. 435; *L. & N. R. R. Co. v. Britton,* 149 Ala. 554, 43 South. 108. There was no such evidence offered. On the contrary, the further circumstantial evidence which was developed during the course of the trial removed all question but what the letter was either written by defendant or for it by its authority. This letter, after acknowledging receipt of the undertaker's certificate of the burial of plaintiff's wife, the insured, stated that R. L. Cooper, who the letter named as defendant's insurance adjuster, would call on plaintiff in a few days and make settlement of the insurance policy here sued on and in which plaintiff was named as beneficiary.

(5) After the introduction of this letter, the plaintiff then introduced in evidence a letter of later date received by him from the said Cooper, in which Cooper stated that he was defendant's insurance adjuster and had in his possession, which he stated he had received from defendant, a check for the benefit due plaintiff under the said policy on the life of plaintiff's wife, and that he (Cooper) would be down in a few days to deliver it to plaintiff, and for plaintiff to have the policy in readiness to surrender then. The objection interposed by defendant to introduction in evidence by plaintiff of this latter letter was that it had not been shown that Cooper had authority from defendant to write the letter. Such objection was clearly untenable in the light of the letter from defendant to plaintiff which had been previously introduced, and whose contents have been just stated, and wherein Cooper was named as defendant's adjuster.

(6-9) It appears from the evidence without dispute that said Cooper did, in pursuance of the promise contained in his

[American Workmen v. James.]

mentioned letter to plaintiff, come to see plaintiff to make with plaintiff a settlement of the benefit due under the policy, bringing with him (Cooper) a check from defendant payable to plaintiff, but that the check, instead of being for the amount of the benefit named in the policy, to-wit, some $360, was only for $75. The sole dispute in the case arises over the question as to whether or not plaintiff, who (after much parleying, as both sides testify) accepted the check and surrendered to Cooper the policy, accepted it in full settlement of the benefit due under the policy, or only as a credit thereon, and, if the former, whether there was any adequate consideration to support it (*Smith v. Elrod,* 122 Ala. 269, 24 South 99), or any bona fide dispute on defendant's part of its liability under the policy which would justify in law the payment of a less amount in accord and satisfaction of a larger amount due.—*Louisiana Lumber Co. v. Farrior, supra,* and the other cases first cited in this opinion. The evidence was in conflict on this, the only controverted question in the case, and, being in conflict, the court did not err in refusing the general affirmative charge requested by defendant, nor in giving charges 1, 2, and 3 requested by plaintiff.

(10) The fact that Cooper had no authority to deliver to plaintiff the $75 check unless it should be accepted by plaintiff in full settlement of defendant's liability under the policy, and that plaintiff at the time he accepted the check knew this fact, would not relieve defendant of liability for the remainder actually due on the policy, unless there was a bona fide dispute as to that liability, or, if not, unless there was some other consideration moving to plaintiff in addition to the $75 check.—Authorities here first cited.

(11) There was no error in the action of the court in excluding from the consideration of the jury the letter offered in evidence by defendant purporting to be from defendant to said Cooper, written after the settlement mentioned, as it (the letter) was not material to any issue in the case.

We have reviewed the questions assigned and insisted upon in brief, and, finding no error, the judgment appealed from its affirmed.

Affirmed.