199 So. 537

**STURDIVANT v. CRAWFORD et al.**

**5 Div. 327.**

Supreme Court of Alabama.

Nov. 28, 1940.

Rehearing Denied Jan. 16, 1941.

Wilbanks & Wilbanks, of Dadeville, for appellees.

Robt. S. Milner and Paul M. Page, both of Dadeville, for appellant.

LIVINGSTON, Justice.

This cause was submitted to the Court of Appeals on motion of appellees to strike the bill of exceptions, and on the merits; and was transferred to this Court under the provisions of section 7326, Code of 1923.

The complaint consists of one count for simple negligence, charging that the defendant Sam Smith, while acting within the line and scope of his employment as agent, servant or employee of the defendant D. D. Crawford, negligently drove an automobile into, over or against the plaintiff's automobile on the Dadeville-Camp Hill Highway, a public highway, and by reason of said negligence and as a proximate consequence thereof plaintiff's automobile was damaged. To the complaint, defendants filed two pleas, the general issue and contributory negligence. Demurrers to the plea of contributory negligence were overruled. There was a verdict and judgment for the plaintiff for $58, and plaintiff appeals.

█ Appellees' motion to strike the bill of exceptions is founded on Circuit and Inferior Courts Rule No. 32. While the bill of exceptions in this cause may not be framed in strict accord with the rule, the departure from its requirement is not so flagrant as to require the imposition of the penalties provided by the rule. Baumhauer v. Mobile Electrical Supply Co., 167 Ala. 439, 52 So. 732. The motion is therefore overruled.

█ Where, as here, the appeal is from a judgment in favor of the appellant, the review will not include questions pertaining alone to the right to recover, the judgment having concluded such inquiries. Randle v. Birmingham R. L. & P. Co., 169 Ala. 314, 53 So. 918; Jones v. Woodward Iron Co., 203 Ala. 66, 82 So. 26.

It is therefore necessary to review only the ruling of the trial court on plaintiff's motion for a new trial founded on the inadequacy in the amount of damages awarded, and the rulings adverse to appellant on evidence tending to affect the amount of recovery.

Plaintiff's husband, Raymond Sturdivant, who was driving plaintiff's automobile at the time it was damaged, testified for plaintiff. His testimony fixed the amount of damage to plaintiff's car at $350. On cross-examination he was asked the following question by counsel for defendants: "Did your wife accept $227.00 as full and final settlement for all damages sustained to her car as the result of this accident?" The court overruled plaintiff's objection to the question, and the witness answered, "yes, sir." This ruling is made the basis of appellant's assignment of error No. 4.

█ This question is patently illegal and irrelevant, and although the objection to it was general, it should have been sustained. The question does not designate the party from whom such sum was accepted in full and final settlement for all damages to plaintiff's car. We can conceive of but two sources through which such a settlement could have been made. One, the defendants themselves, or, the other, an insurance company carrying property damage insurance on plaintiff's car. If the purpose of the question was to show that such an amount had been paid to the plaintiff by the defendants, it was clearly illegal for the reason there was no plea of accord and satisfaction. Karter v. Fields, 140 Ala. 352, 37 So. 204; Louisiana Lumber Co. v. Farrior Lumber Co., 9 Ala.App. 383, 63 So. 788; Cahaba Coal Co. v. Hanby, 7 Ala.App. 282, 61 So. 33; Ex parte Southern Cotton Oil Co., 207 Ala. 704, 93 So. 662. If its purpose was to show that plaintiff had been paid that sum by an insurance company in settlement for damages done to plaintiff's car, the question was likewise illegal for the reason that when an insurance company pays the damage in such a case the right of action remains in the plaintiff, and whether or not the insurance company by reason of having paid the damages, or a part of it, is entitled to the proceeds of the recovery, is of no concern to the defendants. Government Street Lumber Co. v. Ollinger, 18 Ala.App. 518, 94 So. 177. The amount paid by the insurance company does not even affect the measure of recovery. The insurance of the property is a mere indemnity, and insurer and insured are regarded as one person. The mere fact that the insurer had paid the insured cannot affect the action against the wrongdoer who has destroyed or injured the property, the subject of the insurance. Long v. Kansas City, etc., Ry. Co., 170

Ala. 635, 54 So. 62. This evidence tended in no way to contradict the witness, Raymond Sturdivant, nor had it any tendency to impeach his testimony or that of any other witness. The admission of this evidence is plainly reflected in the verdict of the jury.

The rules governing the review of the rulings of the trial courts on motion for new trial upon the ground of excessive or inadequate damages in various forms of tort actions have been often considered and applied in this Court. These rules are fully and clearly set forth in the case of Yarbrough v. Mallory, 225 Ala. 579, 144 So. 447, and need no repetition here.

In determining the adequacy of the damages assessed by the jury it is not necessary that the court should inquire and declare what wrongful influence or failure of duty in the consideration of the case has wrought a miscarriage of justice. For reasons of public policy, the deliberations of the jury cannot be invaded to find what motive or influence worked the mischief. The record may or may not shed light on the subject. The internal evidence, the verdict itself, in the light of the facts clearly disclosed by the evidence, usually furnishes the determining data. As was said by this Court in the case of Cobb v. Malone & Collins, 92 Ala. 630, 9 So. 738, and repeated in the case of Yarbrough v. Mallory, supra, [225 Ala. 579, 144 So. 449], the trial court will not be reversed for refusing to disturb the verdict, "unless, after allowing all reasonable presumptions of its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince the court that it is wrong and unjust."

In the instant case only two witnesses testified relative to the damage to plaintiff's car. One, the plaintiff's husband, Raymond Sturdivant, fixed the damage at $350, and the other, Charley Samford, testified, in part, as follows: "I live here in Dadeville. I run a garage and have been running it about sixteen or seventeen years. I was operating it on March 29, 1939. I know Mrs. Henrie Sturdivant, and I know the automobile she owned on that day. It was a Buick. I examined the car that day. It was pulled into my garage with a truck. At that time it was worth $400.00 or $500.-00. I am familiar with the car before it was wrecked. I had ridden in it and I had driven it. In my judgment it was worth between $750.00 and $800.00 before the wreck." Defendants offered no evidence on the question of damage done to plaintiff's car, and it does not appear that the jury viewed the car and damage sustained.

 We are clearly convinced that the verdict of the jury does not award adequate damages to plaintiff in accordance with the great preponderance of the evidence, and was returned because of mistake, inadvertence, or failure to comprehend and appreciate the issue.

Other assignments of error not touching the question of damages have not been considered.

The judgment is reversed and the cause remanded.

Reversed and remanded.

GARDNER, C. J., and BOULDIN and FOSTER, JJ., concur.