Although I agree with the majority, I write separately to clarify why the trial court's refusal of the plaintiff's requested jury charges on the collateral source rule was not reversible error in this case. During trial, the defendants elicited testimony from Senn that Blue Cross Insurance Company had paid Senn's hospital bills. For this reason, Senn requested that the trial court give three jury charges on the collateral source rule. The trial court refused, and Senn argues on appeal that its refusal constituted reversible error.
Senn's requested charges on the collateral source rule read as follows:
No. 37:
 "Accordingly, benefits received by a Plaintiff, from a collateral source, such as his medical benefits, may be considered as evidence by you but not preclude recovery of those benefits by Plaintiff if based on the evidence it is your view that Plaintiff is entitled to recover such benefits."
No. 38:
 "Under the 'collateral source doctrine' the amount paid by an insurer to its insured for the latter's personal injuries or medical bills does not affect the individual's measure of recovery against the wrongdoer."
No. 39:
 "The 'collateral source doctrine' is that doctrine which provides that damages for *Page 1326 
a wrongdoing are not diminished because the injured party has been wholly or partially indemnified or compensated for his loss by insurance in incidents where the wrongdoer did not contribute to such insurance."
Because these charges were misleading and inaccurate statements of the law, I agree with the majority that the trial court did not err in refusing to give them.
The common law collateral source rule provided that "benefits received by the plaintiff from a source wholly independent of and collateral to the wrongdoer will not diminish the damages otherwise recoverable from the wrongdoer." 22 Am.Jur.2dDamages § 566 (1988). In accordance with this rule, evidence that a plaintiff had received any payments from a collateral source was virtually inadmissible at trial, because it lacked relevance as to the plaintiff's right to recover and because it posed an undue prejudice to the plaintiff's ability to recover.See Gribble v. Cox, 349 So.2d 1141, 1143 (Ala. 1977); Carlislev. Miller, 275 Ala. 440, 444, 155 So.2d 689, 691 (1963); Vestv. Gay, 275 Ala. 286, 289, 154 So.2d 297, 299-300 (1963);Sturdivant v. Crawford, 240 Ala. 383, 385, 199 So. 537, 538
(1940).
However, effective June 11, 1987, Ala. Code 1975 § 12-21-45, altered the collateral source rule in civil actions in which a plaintiff seeks damages for any medical or hospital expenses. Under § 12-21-45, a defendant has the option of introducing evidence that a collateral source has paid or will pay or reimburse, a plaintiff for his medical or hospital expenses, and if a defendant elects to introduce such evidence, a plaintiff may present evidence as to the cost of obtaining the reimbursement or payment of medical or hospital expenses, including evidence of any right of subrogation claimed by the collateral source. Thus, under § 12-21-45, a plaintiff is not entitled, necessarily, to fully recover medical or hospital expenses, as Senn's requested jury charges indicate. Instead, in such cases a jury must consider all of the evidence introduced at trial regarding payments from collateral sources and determine to what extent the plaintiff is entitled to recover his medical or hospital expenses, and the trial court should instruct the jury that it has this duty.